EMMA C. SADLER ET AL. *v.* MOBILE LIFE INSURANCE COMPANY, AND MOBILE LIFE INSURANCE COMPANY *v.* EMMA C. SADLER ET AL.

1. INSURANCE. *Foreign company. Service of process.*
Under Code 1880, sects. 1073, 1085, and 1087, a foreign insurance company cannot carry on business in this State without an agent on whom process can be served; but any person, who, for another than himself, collects or remits premiums due to the company is fixed with the character of its agent for service of process.

2. SAME. *Agent. Volunteer. Ratification.*
An insurance company is not bound, under Code 1880, sect. 1085, by acts of a volunteer, whom it disowns, and whose services it declines, but is bound if it accepts the fruits of his act; and, *a fortiori*, if it authorizes a person to act, it is bound by service of process on such agent.

3. SAME. *Agency. Brokerage. "Assured's agent."*
The intent of that clause of sect. 1085 which provides that "whether any such acts shall be done at the instance or request, or by the employment of such insurance company, or of, or by any broker or other person, shall be held to be the agent of the company," was to guard against the device of the person doing the act pretending to be the agent of the assured, or some broker, or other person or corporation than the insurance company.

APPEAL AND CROSS-APPEAL from the Chancery Court of Monroe County.

Hon. L. HAUGHTON, Chancellor.

This case was before this court at the April term, 1882, and is reported in 59 Miss. After it was reversed and remanded,

upon that appeal of Prairie Lodge, the garnishee, the insurance company, filed a petition to vacate the decree upon the policy on which the garnishment decree was founded, and alleged as the reason that process was not served on the insurance company's agents. A motion to dismiss the petition and a demurrer thereto were successively overruled, and after answer and proof, the court, upon the evidence, holding that Gattman & Co. were not the company's agents at the time process was served, vacated the decree, but also required the company to answer the original bill and give a bond to secure its performance of such final decree as the court should afterwards make. The beneficiaries under the policy appeal from the part of the decree which vacates their former decree of recovery, and the insurance company appeals from the part of the decree which holds it in court as a party now to the original suit and requires the bond for performance of the prospective decree.

*Davis, McFarland & Paine*, for the appellants and cross-appellees.

1. This proceeding is inadequate to put in issue the question of the agency. After adjournment decrees are final, and beyond the court's control. 13 Smed & M. 153; 45 Miss. 691; 2 Johns. Ch. 205; 3 Wheat. 591; Story's Eq. Pl., sect. 420. They can be reached only by appeal or bill of review. 11 Wis. 389; Freem. on Judg., sect. 498; *Wiggle* v. *Owens*, 45 Miss. 692. Petitions are applicable only to interlocutory orders and decrees during the term of court at which they are rendered. 2. Dan. Ch. Pr. 1604, 1592, 1024, 994, and note.

2. The agency of Gattman & Co., is established. They were agents on whom process could be served. Code 1880, sects. 1085, 1529. The former section, in order to afford relief to our citizens against foreign corporations which fail to come into the State according to its laws, creates an agency in the person through whom such company does business here. Among " the duties and liabilities imposed on such agents by this statute, is that of answering to process

against their principals." Without this construction the statute would be practically useless.

*Houston & Reynolds*, for the appellee and cross-appellant.

1. As the court had no jurisdiction the decree was a nullity which could be reached by petition. *Cotten* v. *McGehee*, 54 Miss. 621; *Crawford* v. *Redus*, 54 Miss. 701; *City of Olney* v. *Boyd*, 50 Ill. 453; *Ex parte Crenshaw*, 15 Pet. 119, *Martin* v. *Martin*, 3 B. & A. 934; *Shuford* v. *Cain*. 1. Abb. (U. S.) 305.

2. Legislative power does not embrace the right to deprive persons or corporations of their constitutional protection. Notice is essential to a decree. Gattman & Co. had no authority to receive service of process for the company. As statutory agents only under Code 1880, sect. 1085, they had no such power. Unless there is some privity between the resident of this State and the non-resident company, our Legislature cannot provide that the latter shall be affected by service upon the former.

3. That requirement of the decree which treats the company as having appeared to the original suit is erroneous. This was only a special appearance for the purpose of getting rid of the decree, without any intention of proceeding with the case. *Dow* v. *Gibbney*, 3 Hughes C. C. R. 382. Illegality in the service of process is not waived by a special appearance of the defendant to move that it be set aside. *Harkness* v. *Hyde*, 8 Otto 476; *Marl Co.* v. *Flanders*, 12 Wall. 130; *Schell* v. *Leland*, 45 Mo. 289; *Lampley* v. *Bearers*, 15 Ala. 534; 120 Mass. —; 23 Minn. 539; 11 Kan. 118; 48 Iowa, 194; 16 Serg. & R. 368; 2 Mich. 222. Even if the company is required to answer, so much of the decree as requires it to give bond should be reversed. This company has a right to be served with process, and it should not be required to give bond in order to defend against a suit.

COOPER, J., delivered the opinion of the court.

The chancellor erred in deciding under the facts shown by

the testimony that Gattman & Co. were not, at the time of the service of the process, agents of the insurance company.

The effect of our statutes on the subject of foreign insurance companies, sects. 1073, 1085, and 1087, is to prohibit the transaction of any business of insurance by such companies in this State without the appointment by them of agents resident here, upon whom service of process against the corporation can be made, and to fix the character of such agent upon any person, who in this State collects or remits, for a person other than himself, premiums due to companies not organized under or chartered by our laws.

Sect. 1073 directs what steps shall be taken by a foreign company desirous of prosecuting its business within the State, and provides for the issuance of a certificate of authority to companies complying with its terms. The object of the other sections is to fix upon companies furtively carrying on business in the State the same measure of responsibility as is borne by those conforming to the requirements of sect. 1073.

Foreign companies may select their agents in the manner provided in sect. 1073, failing to do this the law converts into agents, upon whom process may be served, any and all persons doing any of the things named in sect. 1085, the performance and fruits of which acts are accepted by the company. It is a mistake to suppose that a company disavowing the agency and declining the services of a volunteer is bound or intended to be bound by the provisions of this section. Its purpose is to prevent a receipt of the fruits and a disavowal of its authority for the act by which the fruits are obtained. The clause of this section which provides that " whether any such acts shall be done at the instance or request, or by the employment of such insurance company, or of, or by, any broker, or other person, shall be held to be the agent of the company," was intended to guard against the easy device on the part of the person doing the act, of professedly acting for, or on behalf of the assured, or some broker, or person, or corporation, other than the insurance company. If, however, this section

was subject to the objections suggested by counsel for the company, it could not avail his client, who is shown to have employed Gattman & Co. to do the acts performed by them.

The decree is reversed upon the appeal of Mrs. Saddler, and the petition dismissed.   This vacates the whole of the decree of the court below, including the direction of the company to answer the bill or to give security for the performance of the decree.   The costs in this court and in the court below, are to be taxed against the company.