(7 App. Div. 297)

### PEOPLE v. COMMERCIAL ALLIANCE LIFE INS. CO.

### In re TOZIER.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

FOREIGN INSURANCE COMPANIES—SERVICE OF PROCESS ON.

Rev. St. Me. 1883, c. 49, which provides that in actions against foreign insurance companies doing business in that state service of process may be made on any authorized agent of the company, or, if such agent cannot be found, on the insurance commissioner, applies only to companies doing business in the state at the time of the service of process, and no jurisdiction is acquired by such service after the company has ceased to do business in the state.

Appeal from special term, New York county.

Claim by Nahum Tozier against William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company, appointed in a proceeding brought to dissolve said company. A referee, appointed to hear and determine, dismissed the claim. From an order confirming the referee's report and overruling exceptions thereto, claimant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. T. Haviland, for appellant.
R. B. Aldcroftt, for respondent.

PATTERSON, J. The referee appointed to pass upon and determine the validity of claims against the receivership of the defendant corporation reported to the court that the claim presented by Nahum Tozier was not enforceable, and that the receiver properly rejected it. That claim was based upon a judgment alleged to have been recovered against the Commercial Alliance Insurance Com-

pany in the supreme court of the state of Maine on the 6th day of October, 1894. The claimant introduced in evidence before the referee an exemplified copy of a judgment roll entered in the supreme court of Maine, in which, among other things, appeared a certificate of a deputy sheriff of Kennebec county, Me., stating that by virtue of a writ issued he had on July 3, 1894, summoned the Commercial Alliance Insurance Company for its appearance at court by delivering to S. W. Carr, insurance commissioner for the state of Maine, an attested copy of a writ or summons; and there also appeared another certificate of the sheriff of Penobscot county, stating that he had, on the 23d day of July, 1894, summoned the said company for its appearance at court by delivering to H. A. Bridgman, agent of the corporation, an attested copy of the writ or summons; and it also appeared by the judgment roll that the writ was dated the 30th day of June, 1894, and was served on the defendant July 23, 1894, and on the insurance commissioner for the state of Maine, July 3, 1894. It was shown that no appearance of the defendant was made in the action, and that the judgment was entered by default. It was given in evidence before the referee that under decisions of the court of highest authority in the state of Maine an action is deemed to be begun in that state on the day the writ or summons is dated. It is urged on behalf of the claimant that the judgment rejected by the referee was a valid and binding adjudication of a court of competent jurisdiction, enforceable in this state, and sufficient proof of a claim payable out of the assets in the hands of the receiver of the Commercial Alliance Company in the state of New York; or, in other words, that the judgment has all the effect of one obtained after personal service of process on a defendant.

We think the referee was right in rejecting this claim. Whatever may be the rule of law in the state of Maine respecting the time at which an action is deemed to be begun, the evidence in this case shows that, so far as foreign insurance corporations doing business in that state are concerned, jurisdiction is acquired over such corporations by the service of the writ or summons, and is not to be regarded as attaching from the day of the date of the writ or summons; and that is the general rule of law. The eighty-ninth section of the statute of Maine (Rev. St. 1883, c. 49) provides for suits brought against foreign insurance companies, and enacts that service made on any authorized agent of said company shall be valid and binding thereon, and hold it to answer to such suit, and the judgment rendered therein shall bind the company as valid in every respect, whether the defendants appear or not. The binding character of the judgment results from service on the agent of the company. If no such agent can be found, the statute proceeds to say that such notice or summons may be served upon the insurance commissioner, who shall immediately notify the company; and shall be as valid and binding on the company as though served on its agent. The statute affects only foreign insurance companies doing business within the state of Maine. The Commercial Company ceased doing business in that state on the 1st day of July,

1894, and on the 23d of July, 1894, it had no agent in the state; therefore nothing was accomplished by the service made on Bridgman, certified to by the sheriff, on the 23d of July, 1894. The judgment must stand, if at all, on the service made on the state insurance commissioner, which was on the 3d day of July; and the referee found, in substance, that that service was ineffectual to bind the company in New York, because on that date the company was not doing business in the state of Maine, and that the Maine court had no jurisdiction of the company to render a judgment enforceable outside of the state of Maine. When a foreign corporation undertakes to transact business in a state other than that in which it is incorporated, it undoubtedly submits itself to the authority of the courts of that other state, and will be bound by the statutory provisions respecting such courts obtaining jurisdiction over it. Gibbs v. Insurance Co., 63 N. Y. 114. While this Commercial Alliance Company was transacting business in the state of Maine, it was subject to the provisions of the statute of Maine respecting the service of process in an action against it on the state commissioner of insurance, in the absence of any authorized agent of the company upon whom service might be made. But that subjection does not last forever. As the Commercial Alliance Insurance Company had ceased to do business on the 1st day of July, 1894, had withdrawn from the state, and had no authorized agent upon whom service might be made after that date, the substituted service on the state commissioner would not bind it as the equivalent of personal service. The effect of the statute of Maine was to constitute the insurance superintendent the agent of the company to receive process under certain circumstances, viz. while such company was doing business in the state. While so doing business, the superintendent was empowered to receive process if there were no agent of the company upon whom it might be served. But after the 30th of June, 1894, it was not a foreign corporation doing business within the state of Maine, and the Maine courts had no jurisdiction over it to render a judgment in personam against it on substituted service. Whether the judgment may stand as one enforceable against property of the company in Maine it is not necessary to consider.

The order confirming the report of the referee should be affirmed, with costs. All concur.