FRIEDMAN v. EMPIRE LIFE INS. CO.

(Circuit Court, D. Kentucky. February 21, 1899.)

FOREIGN CORPORATIONS—JURISDICTION IN SUIT AGAINST—SERVICE OF PROCESS.
A resolution adopted by the directors of an insurance company of another state, on its being authorized to do business in Kentucky, in accordance with Act Ky. April 5, 1893 (Ky. St. § 631), providing that, before authority is granted to any foreign insurance company to do business in the state, it must file with the commissioner a resolution of its board of directors, consenting that service of process on any agent of the company in the state or on the state commissioner of insurance, in any action brought or pending in this state, shall be valid service upon said company, though such resolution is not limited by its terms as to time, and has never been repealed, cannot be held to confer authority to make service on the insurance commissioner, by force of the statute, after the company has ceased to do business in the state, and has withdrawn all its agents therefrom.

· On ·Motion by Defendant to Quash the Return·of Service.

Walker & Slack, for plaintiff.

Sweeney, Ellis & Sweeney, for defendant.

BARR, District Judge. This case was submitted to me on the motion to quash the service of summons issued from the Daviess circuit court, and served upon Mr. W. H. Stone, insurance commissioner, and the facts that are material to considering this question, as shown by the record, are these: John Jacob Friedman was a member originally of the National Insurance Company of New York, a New York corporation, having become a member of that company in 1892. By an arrangement between the National Mutual Insurance Company and the Home Benefit Society of New York, also a New York corporation, the Home·Benefit Society took from the National Mutual Insurance Company its existing insurance policies or membership, on certain terms agreed upon between the companies. This arrangement was made in the month of March, 1894, and under that arrangement John Jacob Friedman became a member of the Home Benefit Society, and entitled to a life policy of insurance for $5,000, payable upon his death to the plaintiff Annie M. Friedman, who was his wife. An agreement between said Friedman and the Home Benefit Society was entered into, and was dated April 17, 1894. Mr. Friedman died at Owensboro, in this state, in 1896, having paid his regular premium installments to the Home Benefit Society from the time he became a member of that society until his death. Plaintiff, having made proper proof of loss, brought suit as the beneficiary under the policy in the Daviess circuit court against the Empire Life Insurance Company. The Empire Life Insurance Company was at the time of the commencement of this suit, and still is, the corporate name of the Home Benefit Society; the corporate name of that society having been changed to the Empire Life Insurance Company under a proceeding in the state of New York, and in accordance with a statute of that state, in November, 1894. A summons was issued on the petition filed in the Daviess circuit court, and sent to the sheriff of Franklin county, and was by him served with this return, viz.: "Executed on the Empire Life Insurance Company by delivering to W. H. Stone, insurance commissioner for the state of Kentucky, a true copy of the within summons. April 13, 1898. B. F. Suter, S. F. C., by D. L. Kennedy, D. S." The suit was removed from the Daviess circuit court to this court upon the petition of the defendant, the life insurance company, and that company has entered a special appearance, and moved to quash the return on the summons, executed as above on the insurance commissioner.

An act entitled "An act to provide for the creation and regulation of private corporations" (section 94, Sess. Acts 1891–93, p. 647; see, also, Ky. St. § 631) provides:

"Before authority is granted to any foreign insurance company to do business in this state, it must file with the commissioner a resolution of its board of directors consenting that service of process upon any agent of such company in this state or upon the commissioner of insurance of the state in any action brought or pending in this state shall be valid service upon said company, and if process is served upon the commissioner it shall be his duty to at once send (it) by mail addressed to the company at its principal office."

It is upon this statute that process is claimed to be legally served.

It appears from the record that the Home Benefit Society made application to, and was authorized by, the Kentucky insurance commissioner to do business in this state. The writing authorizing this is dated March 1, 1893, signed by B. F. Duncan, insurance commissioner. After reciting that the Home Benefit Society has complied with the provisions of the Kentucky statute, it declares thus: "Now, therefore, I, B. F. Duncan, insurance commissioner of the state of Kentucky, in pursuance of the provisions of the act aforesaid, do hereby certify that said company is legally authorized and entitled to do business in this state." The act aforesaid is stated to be the act approved 19th of April, 1884.

It appears from the correspondence filed between that company and the insurance commissioner that application was made for the renewal of the authority in February, 1894, and that by a letter dated February 9, 1894, the insurance commissioner refused, upon the showing then presented, to renew the authority which had theretofore been granted. The refusal was not absolute, however; B. F. Duncan suggesting in his letter that "the authority of the company could not be renewed, in any event, without a deposit of $5,000, the amount of the maximum certificate issued, with insurance department of home state, or in this or some other state, for the benefit of policy holders; that is a requirement of our present law." This letter evidently was written after the passage of the act of the 5th of April, 1893. There was some subsequent correspondence, and on the 26th of June, 1894, and the 3d of July, 1894, the Home Benefit Society again applied. To this the insurance commissioner, by letter of July 5, 1894, peremptorily declined to renew the authority for the company to do business. It appears, however, that the company did a considerable business during the entire year of 1894 in the state of Kentucky, but the premiums were collected through the home office, or through the Louisville Banking Company, after the 1st of March, 1894. It also appears that upon the request of the Home Benefit Society licenses were issued to the agent of the company, up to and including the 17th of November, 1893. It also appears that, pursuant to the act of the 5th of April, 1893, the Home Benefit Society had passed by its board of directors on the 8th of June, 1893, and sent to the insurance commissioner, the following resolution:

"Resolved, that the Home Benefit Society Insurance Company, of the city of New York, in the state of New York, having been admitted or having applied for admission to transact business in the state of Kentucky, in conformity to the laws thereof, does hereby consent that the service of process upon any and all and every agent that is now or hereafter may be acting for said company in Kentucky, or upon the insurance commissioner of said state, shall be valid service upon said company in any action or special proceeding against said company in the state of Kentucky, subject to and in accordance with all the statutes and laws of the state of Kentucky now in force, or such other acts as may hereafter pass amendatory thereof or supplemental thereto. The said agents or said insurance commissioner are hereby authorized and empowered to acknowledge service of process for and on behalf of said company in the state of Kentucky, and service of process, mesne or final, upon such agents or said insurance commissioner shall be held and taken to be as valid as if served upon said company, according to the laws of this or any other state,

hereby waiving all claim by writ of error by reason of such acknowledgment of service; and service of process upon such agents or said insurance commissioner in any county of this state shall be good and valid, and authorize the control of the court whence such process issued."

The defendant company insists that it has had no agent in Kentucky since March 1, 1894, and that all collections of premiums made since that time have been sent directly to the home office in New York, or sent through the Louisville Banking Company, in the city of Louisville. The question, then, to be determined is whether or not the commissioner of insurance in the state of Kentucky, under the provisions of this law and the resolution of the 5th of June, 1893, authorized the service of the summons in this suit which was instituted in April, 1898. We think this inquiry must be answered in the negative. It is true that the resolution of the insurance company board is not limited as to time, and it is also true that there is no action by the board revoking the authority thus granted, but the resolution itself was passed in pursuance of the requirement of the law of April 5, 1893, and it seems to me that a fair construction of that law is only to authorize the service upon the insurance commissioner when the insurance company had an agent in the state; and that when the company ceased to do business in the state, and withdrew all of its agents, then the authority granted under the resolution, by force of the statute, ceased, and the authority of the insurance commissioner to acknowledge service, or to be served with process, ceased. In considering this question, I have not assumed that the contract of the 17th of April, 1894, was made when the Home Benefit Company had no authority to do business in the state. On the contrary, I think from the correspondence and from the surroundings that, until there was a peremptory refusal to renew the authority to do business, the authority continued, and that the contract of the 17th of April, 1894, was under the authority which had theretofore been granted by the insurance commissioner. I am strengthened somewhat in this conclusion by the difference between this provision of the law and the previous provision of the Kentucky statute. The third section of that law provides in regard to foreign insurance companies:

"No such company mentioned in the preceding section shall transact any business in this state by an agent unless it shall first file with the insurance commissioner a written instrument or power of attorney, duly signed and sealed, authorizing any and every agent that is or may be acting for such company in this state to acknowledge service of process for and in behalf of such company in this state, and consenting that service of process on any such agent shall be taken and held to be as valid as if served upon the company according to the laws of this or any other state; and in case any such company shall cease to transact business in this state any person who acts as such agent shall be considered and held as continuing to be agent for said company, for the purpose of process as aforesaid, in any action against the company upon any policy or liability issued or contracted during the time such company transacted business in this state." Act April 19, 1894.

This provision of the law, however, was expressly repealed in section 273 of the act of April 5, 1893. It would be desirable, as a matter of legislation, to have a law sufficiently broad as to continue the agency of the insurance commissioner on suits on all contracts made in the state while the company was authorized by the insurance

commissioner to do business in the state. But this, I think, is not the proper construction of the act. While it is true that the act authorizes the service of process upon any agent of the foreign insurance company, whatever may be the character of the agency, and also authorizes service upon the insurance commissioner, still the agents of the company and the insurance commissioner are so connected, we think, as to make the authority of the insurance commissioner cease when there is no agent whatever of the insurance company, and no business done in the state, so as to give under the law either residence or a legal presence of the insurance company. We have been able to find no decisions upon this point, nor have we been cited to any, but we think it would be entirely too broad a construction of the Kentucky statute to make the insurance commissioner perpetually the agent of the foreign insurance company in all suits that might be brought against it. It will be observed that the statute itself does not limit the authority to serve process upon the insurance commissioner or the agents to suits on contracts made in the state of Kentucky, and, if there is no limit as to the time, then there must be no limit as to the character of the action. It follows that the motion to quash must be sustained, and the suit will be dismissed without prejudice, unless the plaintiff desires simply the order to quash to be entered.