The People's Building, Loan and Savings Associa-
tion *v.* Markley et al.

[No. 3,697.    Filed June 19, 1901.]

Corporations.—*Foreign.*—*Regulation of Business.*—The legislature may prescribe the terms and conditions under which a corporation organized under the laws of another state may carry on business in this State. *p. 131.*

Building and Loan Associations. — *Foreclosure of Mortgage by Foreign Association.*—*Abatement for Failure to File Agent's Authority.*—A foreign building and loan association, by its local agent, made a loan on a note and mortgage executed in this State under the supervision of its local agent by whom the money was paid to the mortgagors. *Held*, in an action to foreclose the mortgage, that a plea in abatement was properly sustained, where the association

had not complied with §3453, *et seq.*, Burns 1894 by filing agent's authority with the county clerk. *pp. 131, 135.*

CONTRACT.—*When held to have been Executed in this State.*—A note and mortgage payable to a foreign building and loan association will be held to have been executed in this State, where the note and mortgage were signed, and the mortgage acknowledged in the presence of the local agent, the money paid by such agent, and all dues paid to the local agent, in this State, and the mortgagors at no time had any communications directly with the association. *pp. 134, 135.*

From Wells Circuit Court; *J. T. France,* Special Judge.

Action by Peoples B. & L. Assn. against John W. Markley and others to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. Z. Brickley,* for appellant.
*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellees.

BLACK, C. J.—The complaint of the appellant against the appellees, John W. Markley, Mary J. Richey, and Jacob Richey, showed that the appellant is a building, loan, and savings association organized under the laws of New York; that on the 21st of March, 1890, the appellee Mary J. Richey was a member of the association and the owner of four shares of the capital stock thereof, each of the par value of $100; that on that day the appellant loaned to her $400, and as evidence of the loan she executed to the appellant her certain bond, a copy of which is made an exhibit, whereby she bound herself or her assigns to pay the appellant that sum in the following manner: $4 contribution or principal and $1.67 interest and the same amount premium, each and every month from the date of the bond, for such term as would secure to the appellant the payment of the full sum of $100 on each of the mortgagor's shares, such payments to be commenced on or before April 26, 1890, and to be continued and made on or before the last Saturday of each month, until the expiration of such term; and also to pay all dues, fines, penalties, and assessments that might be imposed upon her as a member and stockholder of the association, pursuant to

its articles of association and by-laws; and that if default should be made in the payment of any instalment of principal or any part thereof, or interest or premium or part thereof, or any fines or penalties imposed upon her or her assigns, and if the same should remain in default for three successive months, the whole principal sum secured, with interest and premium thereon, should become due and payable; that to secure the performance of this bond Mary J. Richey and Jacob Richey, her husband, executed to the appellant a mortgage, a copy of which was made an exhibit, on certain real estate, described, in Wells county, Indiana. A provision for keeping the premises insured for the benefit of the appellant, and authorizing the appellant to do so upon failure of the mortgagor or her assigns, was recited; and it was further alleged that on the 16th of April, 1894, Mary J. Richey sold and transferred by warranty deed the real estate and her right, title, and interest in the shares of stock to the appellee Markley, and the shares of stock were duly transferred to him on the books of the appellant, and he fully assumed all the terms, conditions and obligations of a member and stockholder of the appellant, and all the terms, conditions and obligations of the bond and mortgage, and made payments of dues, assessments and fines on the stock, as well as payments of principal interest and premium on the loan from the last mentioned date until the 30th of June, 1897, inclusive; that he had failed to pay the monthly dues on the stock, together with the premiums, fines duly levied, assessments duly made and interest on said sum of $400, for more than three months from the time the same became due and payable, which were due and unpaid, amounting to $...., notwithstanding the shares of stock were not matured or expired, but continued in force. Failure to keep the premises insured was alleged and the expenditure by the appellant of a sum stated as premium for the insurance thereof. Prayer for judgment for $300 and for the foreclosure of the mortgage against all the appellees, etc.

The appellees filed a plea in abatement, in which they alleged that the appellant was and always had been a foreign corporation organized under the laws of New York; that no agent transacting business for the appellant ever filed with the clerk of the Wells Circuit Court of Wells county, Indiana, before commencing his duties as said agent, or at any other time, any duly authenticated order, resolution or any sufficient authority of the board of directors or managers of said corporation, authorizing citizens and residents of this State having a claim or claims againt the appellant, arising out of any transaction in this State with such agent, to sue for and maintain an action in respect to the same in any court of this State; and that no authority was ever filed in the clerk's office of Wells county by the appellant or any of its agents, authorizing service of process in such actions on any of the agents of the appellant to be valid service on such corporation; and that no consent of any kind whatever was ever filed in the clerk's office of the Wells Circuit Court by said corporation or its agents to be sued on any of the contracts of said agent, or any other business growing out of such contracts; and that the contract sued on in the appellant's complaint was executed in Wells county, Indiana, and was made by an agent of said corporation in that county. Wherefore, etc. A demurrer to this answer in abatement was overruled. Upon trial of an issue formed on this answer, the decision was in favor of the appellees. A motion of the appellant for a new trial having been overruled, the court adjudged that the action abate.

The legislature may prescribe the terms and conditions under which a corporation organized under the laws of another state may carry on its business in this State. *Maine Guarantee Co.* v. *Cox,* 146 Ind. 107; *Security, etc., Assn.* v. *Elbert,* 153 Ind. 198; 13 Am. and Eng. Ency. of Law (2nd ed.), 860.

The plea in abatement is founded upon the provisions of the statute of 1852 relating to foreign corporations and their

agents in this State, §3453 *et seq.* Burns 1894, §3022 *et seq.* Horner 1897, whereby, in §2, it is provided that agents of corporations not incorporated or organized in this State shall procure from such corporations, and file with the clerk of the circuit court of the county where they propose doing business, before commencing the duties thereof, a duly authenticated order, resolution, or other sufficient authority of the board of directors or managers of such corporations authorizing citizens or residents of this State having a claim or demand against such corporation, arising out of any transaction in this State with such agents, to sue for and maintain an action in respect to the same in any court of this State of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service on such corporation, and that such service shall authorize judgment and all other proceedings against such corporation; also, in §4, that such foreign corporations shall not enforce, in any court of this State, "any contracts made by their agents or by persons assuming to act as their agents", before a compliance by such agents or persons acting as such with the provisions of §§1 and 2 of that act. Also, in §5, it is provided, that any person who shall, directly or indirectly, receive or transmit money or other valuable thing to or for the use of such corporations, or who shall in any manner make, or cause to be made, any contract, or transact any business for or on account of any such corporation, shall be deemed an agent of such corporation, and be subject to the provisions of this act relating to agents of foreign corporations.

The only objection to the plea in abatement suggested by counsel is, that it does not allege that the supposed agent making the contract for and on behalf of the foreign corporation was acting within the scope of his authority at the time of the supposed making of the contract, or that his acts as such agent were afterward ratified by the corporation.

The appellees in their answer were not relying upon the

act of an agent in such a sense as required them to allege or show his authority, as suggested by counsel. The appellant in its complaint was claiming under a contract to which it asserted itself to be a party. It was not incumbent upon the other party to the contract to show the authority of the agent under whose act the corporation was asserting a right. Whether the contract was made by an agent of the corporation having authority in the premises, or by a person merely "assuming to act" as its agent, the corporation could not enforce the contract in any court of this State before compliance by the agent or person acting as such with the provisions of §2 of the statute, whether he had or had not complied with the requirements of §1. It was not incumbent upon the appellees to assert what the appellant could not deny without stultifying itself and negativing its complaint. Considering the answer in connection with the complaint, it is plain that in effecting the contract in question the agent was doing ordinary business of the corporation. The objection to the plea in abatement does not seem to be well taken.

The reasons stated in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law.

The objections urged here are that the evidence does not show that the contract sued on was executed in Wells county, Indiana, or by an agent of a foreign corporation, but shows that it was not consummated until it was delivered to and accepted by the proper officers of the appellant at its home office at Geneva, New York; also, that the decision was contrary to law because the appellee Mary J. Richey, being a member of the association when she executed the contract in suit, was bound by the provisions of its by-laws. It is to be borne in mind in this connection that the doctrine which obtains is that failure to comply with the provisions of the statute in question does not render void the contracts of the foreign corporation effected through its agents in the domestic state, but suspends the remedy of the corporation

thereunder in the domestic tribunal until compliance with the statutory provisions. *Wood, etc., Co.* v. *Caldwell,* 54 Ind. 270, 23 Am. Rep. 641; *Domestic, etc., Co.* v. *Hatfield,* 58 Ind. 187; *Daly* v. *National Ins. Co.,* 64 Ind. 1; *Singer Mfg. Co.* v. *Brown,* 64 Ind. 548; *Elston* v. *Piggot,* 94 Ind. 14.

The question is not whether or not the appellee Mary J. Richey is bound by her contract, but it is whether, without or before compliance with the statutory provisions for making proceedings in our courts against the foreign corporation effective, the foreign corporation shall be permitted to recover in this jurisdiction upon its contracts procured by its local agents in this State. The statutory provisions should be utilized so that the business of the local domestic agency can not be made available on behalf of the foreign corporation until it yields compliance with the statute. Any obligation to perform the contract referable to Mrs. Richey's knowledge of the by-laws and her agreement to be bound by them could not excuse compliance with the requirements of the statute on the part of the foreign corporation in a case to which the general principles of comity are not applicable.

No place of payment was designated in the bond or in the mortgage. All the dues paid by the mortgagor were paid to the local agent at Bluffton, and the Richeys never had any transactions or communications with the association directly, but all the transactions were had with the local agent, Mr. Greek, except that when the application for the loan was made, at the home of the Richeys, Mr. Greek was accompanied by a stranger claiming to be a general agent of the appellant, and located at Fort Wayne, Indiana. It was at his request that the application was signed. It was taken by Mr. Greek, and the money loaned was received at the hands of Mr. Greek, who gave checks to holders of liens on the property, at his office in Bluffton. The bond and mortgage were signed at the home of the Richeys and the execu-

tion thereof was acknowledged before a notary public in the presence of Mr. Greek or his partner. The bond and mortgage were delivered to Mr. Greek, and the money was received thereafter from him.

We think the contract in suit should be regarded as made in this State by an agent of the appellant or by a person assuming to act as its agent, and that the making of the contract should be treated as the doing of business against which the statute is directed. *Daly* v. *National Ins. Co.*, 64 Ind. 1; *Thompson* v. *Edwards*, 85 Ind. 414; *American Ins. Co.* v. *Wellman*, 69 Ind. 413; *Wiestling* v. *Warthin*, 1 Ind. App. 217.

Judgment affirmed.