MAZARA PERVANGHER v. UNION CASUALTY AND SURETY
COMPANY.

FOREIGN INSURANCE COMPANY. *Process. Code* 1892, §§ 2323, 2327. *Discharge of agent.*

> A foreign insurance company, required by Code 1892, §§ 2323, 2327, to appoint an agent here upon whom process against it can be served, having appointed an agent and through him issued a policy here, cannot by discharging all resident agents escape amenability to process; the previously appointed agent who issued the policy sued upon, remains, after such discharge, the agent of the company for the service of process.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Mrs. Pervangher, appellant, was plaintiff, and the casualty and surety company, appellee, was defendant in the court below. The suit was upon an accident insurance policy. The summons in the case was served upon one Moore, as an agent of the company. The defendant entered a special appearance, filing a plea denying that Moore was its agent. The facts are apparent from the opinion of the supreme court. The court below adjudged the service of the summons on Moore as ineffectual to give jurisdiction of the defendant, and the plaintiff appealed to the supreme court.

*Dabney & McCabe,* for appellant.

By § 2327 of the code of 1892 it is provided that any person who solicits insurance in behalf of any insurance company or takes or transmits, other than for himself, an application for insurance or a policy of insurance to or from such company; or who advertises or otherwise gives notice that he will receive or transmit the same; or who shall receive or deliver a policy of insurance of any such company;    *    *    *    shall be held

to be the agent of the company for which the act is done or the risk is taken, as to all the duties and liabilities imposed by law. Section 2433 provides that in suits again insurance companies the process may be served on any agent. The two sections combined make the service on Moore good to obtain jurisdiction over the defendant company. In *Sadler* v. *Mobile Ins. Co.,* 60 Miss., 391, this court decided that § 1065, code of 1880, which is brought forward in § 2327, code of 1892, converted into agents, upon whom process might be served, all who did the things named in that section.

. If, in a case like that, where the Mobile Insurance Company was not engaged in business in Mississippi, but clandestinely issued a policy in the state, which was delivered through the hands of Gatman & Co., who did not continue to be their agents, it was held that the court acquired jurisdiction over the defendant, for stronger reasons would it be so where they were regularly located and regularly engaged in business, and had regular agents here, and afterwards withdrew from the state. A contrary construction of the law would enable insurance companies, whenever they had suffered a heavy loss, to draw out of the state, and force policy holders to sue them in the states where they are domiciled. The section of the code, 2327, was enacted to prevent this very thing. It was enacted to secure to policy holders the means of obtaining jurisdiction over these companies, who have no tangible property to hold them in the state, and who can take their flight any night and leave all of their policy holders absolutely without remedy. It was not intended that this should be done, and we submit to the court that in this case we had the right to proceed against this defendant by summoning the agent who issued and delivered the policy.

*McLaurin, Armistead & Brien,* for appellee.

Counsel for appellant says that Moore delivered the policy sued on, though he may have, subsequent to the delivery of the

policy and before the institution of this suit, severed his connection with the insurance company, still, under § 2327 of the code of 1892, he continued to be agent of the company for the purpose of the service of process.

We deny that § 2327 has any such provision in it as to extend the agency of any agent for the service of process in subsequent suits, after the termination of such agent's connection with the corporation, his principal. This can be done only by express statutory provision. See Thomp. on Corp., vol. 6, sec. 7509. Mr. Thompson, in his most valuable work on Corporations, in the section referred to, says:

"If the officer resigns or otherwise vacates his office, a service made thereafter upon him will not be effectual to give jurisdiction unless there is a statute continuing his functions until his successor is appointed."

TERRAL, J., delivered the opinion of the court.

The legislature, by chap. 65 of annotated code (1892), has authorized foreign insurance companies to take risks and transact business of insurance within this state upon certain conditions prescribed in said chapter, one of which conditions is that such insurance company shall have an agent within this state upon whom service of process on behalf of said company may be had, § 2323; and in default thereof that the person who solicits insurance for a company, or takes or transmits an application for insurance, etc.,   *   *   *   shall be held to be the agent of the company for which the act is done or the risk is taken, as to all the duties and liabilities imposed by law, § 2327. When the appellee company issued the policy here sued on, it had an agent, J. K. Moore, through whom it issued this policy in compliance with the law of the state upon the subject. When this suit was brought, Moore had been discharged by the company, and it had no agent at all in this state, and upon the trial claims that service of process upon Moore was ineffectual for any purpose. The contention of the appellee

is not to be supported. Having come into the state under conditions prescribed by law and issued the policy sued on by its agent, Moore, it cannot withdraw the agency of Moore and leave itself without any agent in this regard. To do so would be a fraud upon appellant, and fraud is never tolerated. The appellee's agent, Moore, issued and delivered the policy sued on, and by the express provision of § 2327 he is to be held the agent of the company for all the duties imposed by law—one of which is to be served with process in a suit relating to such policy. The appellee could not withdraw his agency so far as to receive service for the company, and its effort in that direction is a nullity. *Sadler* v. *Mobile Ins. Co.,* 60 Miss., 391.

It results that the service of process upon J. K. Moore, the agent of appellee, who issued the policy in this case was a proper service upon the company itself, wherefore the judgment is reversed and the case remanded.

*Reversed and remanded.*