(45 Misc. 316)

JOHNSTON v. MUTUAL RESERVE LIFE INS. CO. (thirteen cases).

(Supreme Court, Appellate Term. November 10, 1904.)

1. FOREIGN CORPORATION—PROCESS—WITHDRAWAL FROM STATE.

Summons in an action against a foreign corporation on contracts made while such corporation was doing business within the state may be served on the person designated by statute to accept such service, though the corporation has withdrawn from the state and revoked such person's authority.

2. FOREIGN JUDGMENT — ACTION — JURISDICTION—RECORD—EXTRANEOUS EVIDENCE.

Where foreign judgments sued on sufficiently disclosed that the court rendering them had jurisdiction of the person, it was not error to admit extraneous evidence offered by plaintiff as to such fact; defendant having tendered an issue thereon.

3. SAME.

Where foreign judgments sued on did not show that the court rendering them had jurisdiction of the person, evidence aliunde was not admissible to show such fact.

4. FOREIGN CORPORATION—PROCESS—COMPLIANCE WITH LAWS—PRESUMPTION.

A foreign corporation doing business within a state is presumed to have complied with the laws in force requiring it to authorize a certain person to accept service of process.

5. COSTS—ADDITIONAL ALLOWANCE.

The granting of an additional allowance is within the discretion of the court.

Appeal from City Court of New York, Trial Term.

Thirteen actions on foreign judgments by Henry P. C. Johnston against the Mutual Reserve Life Insurance Company. From judgments rendered after trial without a jury, for plaintiff (87 N. Y. Supp. 438), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Frank R. Lawrence, George Burnham, Jr., and Gorton T. Hughes, for appellant.

Gilbert E. Roe, for respondent.

FREEDMAN, P. J. These actions are brought upon judgments rendered by a court of general jurisdiction of the state of North Caro-

¶ 5. See Costs, vol. 13, Cent. Dig. § 637.

lina, and the recovery by the plaintiff in each case is assailed upon the ground that error was committed in the reception of evidence bearing upon the question of the foreign court's acquirement of jurisdiction of the defendant's person, and that the judgments in suit could not be made the basis of a recovery; the contention being that they did not disclose upon their face that jurisdiction had been acquired.

Upon the merits of the case, leaving for a moment the sufficiency of the recitals in the foreign records, the North Carolina court had jurisdiction, for the reasons stated in the able opinion rendered by the Justice at the trial (87 N. Y. Supp. 438), and more recently sanctioned by the Court of Appeals (178 N. Y. 485, 71 N. E. 10). This defendant, a New York corporation, had done business in North Carolina under certain general statutes which required the designation of an agent within the state to accept service of process. In the year 1899 the Insurance Commissioner was designated by the statute as the person whom such corporations should appoint as their agent, and this defendant duly made the appointment; but, some six weeks thereafter, through dissatisfaction with the state's policy toward foreign corporations, defendant withdrew from the jurisdiction, stopped its business in the state, and, in form, revoked the agency of the Insurance Commissioner to receive service of process.

The judgments in suit were made in enforcement of contracts entered into while the defendant was doing business within the state of North Carolina, but the summons was served upon the Insurance Commissioner after the date of the attempted revocation of his agency. Upon precisely the same state of facts, upon an agreed submission, it has been held that this power to accept service was not revocable, so as to affect any outstanding liabilities of the defendant within the state upon contracts made while the defendant was doing business; that the statute of 1899 was to be read as a mere continuation of the laws in force when the contract was made, which required the designation of an agent to accept service; and that this requirement was well within the power of the state to impose as a condition to the permission to a foreign corporation to do business within its borders. Woodward v. Ins. Co., 178 N. Y. 485, 71 N. E. 10.

If the judgments in suit sufficiently disclosed the foreign court's jurisdiction to proceed, there was no error in the reception of the extraneous evidence to which objection was taken, since, the defendant having tendered an issue as to the acquirement of jurisdiction, the court's ruling simply had to do with the order of proof; and, as appears, could not well have affected the result. If, on the other hand, the records were not sufficient without supporting proof, there would be merit in the contention that evidence aliunde was inadmissible. Noyes v. Butler, 6 Barb. 613. In our view, the records themselves did disclose the foreign court's jurisdiction of the person, and the plaintiff's recovery in each case is not assailable.

Giving effect to the rule that there is no presumption of jurisdiction over the person of a foreign corporation, and that a personal judgment rendered against it upon default must disclose that the corporation was doing business within the state (St. Clair v. Cox, 106 U. S. 350, 359, 1 Sup. Ct. 354, 27 L. Ed. 222), the requirements are substantially met by

the recitals of fact in the foreign record before us, aided by the presumption which those facts support. There.is a finding that the corporation did business in the state during a defined period, which included the date of the contract, and that the Insurance Commissioner was the defendant's designated agent to accept service under the laws of North Carolina. Service was made upon that individual to enforce the outstanding liability, and if a recital of fact was necessary to show that the defendant had contracted with the state to remain within the jurisdiction, in the person of this agent, by virtue of the general statutes, the fact is recited in the opinion of the appellate court upon defendant's special motion to vacate the service (Moore v. Association [N. C.] 39 S. E. 637); the opinion being certified as the form of decision for the purposes of the judgment finally rendered.

So far as the question of the Insurance Commissioner's agency depended upon the defendant's compliance with the statute of North Carolina before 1899, the recitals as to the period of its business involved the presumption that it had complied with the laws then in force (Pringle v. Woolworth, 90 N. Y. 502); and it is to be noted that evidence of these foreign statutes was received at the trial below without objection. The jurisdiction did not have to depend, as the appellant contends, upon a continued transaction of business within the state of North Carolina to the very date of service of the summons. The fact of doing business supports the presumption that the agent served represented the corporation for the purposes of the foreign court's jurisdiction. St. Clair v. Cox, supra. But this is neither a necessary condition to the court's jurisdiction over a foreign corporation, nor a conclusive test, since the agency to accept service, if shown, will suffice, whether the corporation is doing business within the state at the time or not. See Goldey v. Morning News, 156 U. S. 519, 521, 15 Sup. Ct. 559, 39 L. Ed. 517.

The form of service of the summons was in substantial compliance with the statute, and we find no ground for disturbing the result reached at the trial. The granting of an additional allowance was well within the court's discretion in these cases. In view of the character of the defense interposed, they were both difficult and extraordinary, and the allowance was properly awarded.

Judgments affirmed, with costs.

FITZGERALD, J., concurs.   BISCHOFF, J., taking no part.