# MEIXELL ET AL. v. AMERICAN MOTOR CAR SALES COMPANY.

## [No. 22,510. Filed January 27, 1914.]

1. PLEADING.—*Plea in Abatement.—Demurrer.*—The sufficiency of a plea in abatement must be determined independently of the allegations of the complaint, as a demurrer to a plea in abatement does not reach the complaint. p. 156.

2. CORPORATIONS.—*Foreign Corporations.—Withdrawal of Agent.— Fraud.*—Where a foreign corporation pleads to the jurisdiction in an action against it, on the ground that it had withdrawn the appointment of the agent on whom service was had, any question as to fraud in the attempted withdrawal would not arise on demurrer to the plea, but should be presented as matter of reply. p. 156.

3. PLEADING.— *Plea in Abatement.— Certainty.*— A plea in abatement requires the utmost certainty and particularity, leaving nothing to be supplied by intendment and no supposable answer unmet, hence on demurrer to a plea in abatement in an action against a foreign corporation attacking the jurisdiction on the ground of the alleged withdrawal of the appointment of the agent on whom service was had, the court cannot assume from the fact of the statement in the affidavit filed with the Secretary of State as to withdrawal, that defendant had no money, property, credits or effects belonging to or due it in the State, and must presume that the cause of action grew out of the transaction of business by defendant within the State. p. 156.

4. CORPORATIONS.—*Foreign Corporations.—Appointment of Agent for Service.—Statutes.*—In the enactment of the statute of 1907 (Acts 1907 p. 286, §§4086, 4089 Burns 1908), relating to the appointment of agents by foreign corporations on whom service could be had, it was intended to fix the contractual status of foreign corporations as to service of process which should confer

jurisdiction on the local courts as to business transacted in this State, and to cover conditions which the existing statutes did not reach, by designating a particular person on whom service might be had, and who would be outside the class of persons embraced within the provisions of existing statutes. p. 157.

5.  CORPORATIONS.—*Foreign Corporations.—Agency for Service.— Consideration.—Franchise.*—The permission granted by the State to a foreign corporation to exercise its franchise within constitutional limits, is a sufficient contractual consideration for the agreement in regard to service on it pursuant to the act of 1907 (Acts 1907 p. 286, §§4086, 4089 Burns 1908). p. 158.

6.  CORPORATIONS.—*Foreign Corporations.—Agency for Service.— Statutes.*—The act of 1907 (Acts 1907 p. 286, §§4086, 4089 Burns 1908), relating to the appointment of agents by foreign corporations on whom service of process may be had, is remedial and must be construed to include cases within the reason, even if not within the letter of the statute. p. 159.

7.  CORPORATIONS.—*Foreign Corporations.—Agency for Service.— Agreement.—Statutes.*—The agreement on the part of a foreign corporation in regard to service on it pursuant to the act of 1907 (Acts 1907 p. 286, §§4086, 4089 Burns 1908), is not for the benefit of the State, but of the citizens who have business in the State with such corporations, and enters into their contracts, hence it becomes a power coupled with an interest, and is irrevocable as long as an interest in the subject of the power continues. p. 159.

8.  CORPORATIONS.—*Foreign Corporations.—Appointment of Agency for Service.—Right to Revoke.*—The appointment of an agent to receive service of process, made by a foreign corporation pursuant to the act of 1907 (Acts 1907 p. 286, §§4086, 4089 Burns 1908), cannot be revoked upon discontinuing business in the State and removing its property from the State, so as to invalidate subsequent service upon such agent during his temporary presence in the State after removal therefrom, though he is neither an officer nor stockholder in the corporation and is not otherwise connected therewith, where the cause of action arose out of a contract made in the State with the corporation while it was in the exercise of its franchise within the State, but the requirement of the statute as to such agency is a continuing one so long as any liability exists arising out of business transactions in the State. p. 160.

From Superior Court of Marion County (81,682) ; *Clarence E. Weir*, Judge.

Action by Benjamin Meixell and another against the American Motor Car Sales Company. From a judgment

for defendant, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Frederick E. Matson, Edward E. Gates* and *James A. Ross,* for appellants.

*Edgar A. Brown, James E. Kepperley* and *J. Olias Vanier,* for appellee.

MYERS, J.—Appellants sued appellee June 17, 1907, for an alleged breach of a contract executed in Indiana. Summons was served by the sheriff of Marion County on one Willys, as the agent appointed by appellee, a nonresident corporation on whom service of summons might be made. Appellee pleaded to the jurisdiction by plea in abatement. A demurrer for want of facts to abate the action was overruled; appellants declined to plead further and judgment was rendered abating the action. The ruling on the demurrer is the sole question presented.

The question presented by the plea is, Can a foreign corporation which, on coming into this State to transact business, has complied with the statutes of this State, under §§4086, 4089 Burns 1908, Acts 1907 p. 286, upon discontinuing that business and removing all its property from the State, and having no agency, agent or representative of any kind, or property, moneys or credits in the State, revoke the agency created on its entry into the State, by filing such attempted revocation in the office of the Secretary of State before suit is brought, when the agent has removed from the State, and service is made on him while in the State, not on any business of the corporation, he being at the time neither an officer nor stockholder in the corporation, and having no connection therewith, where also there has been no attempt at substitution of another agent to receive service, where the cause of action arises out of a contract made in this State, with the corporation whilst it was engaged in the exercise of its franchises and the transaction of business

in this State, under its agreement with the State, so as to defeat jurisdiction of such personal action?

We can look only to the pleading itself, as a demurrer to a plea in abatement does not reach the complaint, and must be considered independently of the allegations of the complaint. If fraud in the attempted withdrawal of the agent was material, it should have been replied, and an issue of fact presented. State v. Roberts (1906), 166 Ind. 585, 77 N. E. 1093; Rush v. Foos Mfg. Co. (1898), 20 Ind. App. 515, 51 N. E. 143. As a plea in abatement requires the utmost certainty and particularity leaving nothing to be supplied by intendment and no supposable answer unmet, we are bound to assume that the cause of action grew out of the transaction of business by appellee in Indiana. Nor can we assume from the fact of the statement in the affidavit filed with the Secretary of State as to withdrawal, that appellee had no money, property, credits or effects, belonging to or due it in the State, if that is material in the case. Brown-Ketcham Iron Works v. George B. Swift Co. (1913), 53 Ind. App. 630, 100 N. E. 584, 860.

It is the insistence of appellant that §§4099, 4100 Burns 1908, §§3023, 3024 R. S. 1881, are in force, and as the plea does not show that §4099 was complied with, and that the party served was not the party designated as agent to receive service, it fails to anticipate and exclude all supposable matter, and is defective and demurrable on that ground. It is not necessary that we determine that question, for the reason that it is averred that "when said pretended service was had upon him (Willys) he was neither a general nor special agent for said defendant corporation, that no property, moneys, credits or effects belonging to or due to the defendant * * * were to be found, or were in fact in said Marion County, Indiana, * * * that no summons in this case has been served on any other person who was authorized by law or by said defendant corporation to accept

service for said defendant." See, however, *Mutual Mfg. Co.* v. *Alpaugh* (1910), 174 Ind. 381, 91 N. E. 504, 92 N. E. 113. Searching to find the intendment of the legislature in the enactment of 1907, we find that there were then in force, statutes which authorized service on foreign as well as domestic corporations having an office or agency in any county for the transaction of business, by service on any agent or clerk employed in the office or agency, as to any act growing out of, or connected with the business of such office or agency. §311 Burns 1908, §309 R. S. 1881. *Rush* v. *Foos Mfg. Co., supra.* By §316 Burns 1908, §313 R. S. 1881, action might be brought against foreign corporations in any county where any property, moneys, credits or effects belonging to or due to the corporation may be found. By §319 Burns 1908, Acts 1893 p. 152, providing for the manner of service on a domestic or foreign corporation, in its last clause, it is provided in case of foreign corporations, that if there were no such person, officer or agent, resident in the State, service may be made in the same manner as against other nonresidents. Under this section, it has been held that service upon the agent of a foreign corporation was sufficient. *Memphis, etc., Co.* v. *Pikey* (1895), 142 Ind. 304, 40 N. E. 527; *Rush* v. *Foos Mfg. Co., supra.* Thus the statutes then in force, provided for all cases where a foreign corporation had an office or agency, or agent in the State, or was transacting business in the State, or its president, presiding officer, etc., * * * clerk, general or special agent was in the State. From the very existence of these facts, service on foreign corporations was possible, hence if the conditions continue, there was no necessity for another statute to cover those cases. It is not suggested that either of the foregoing sections was repealed by the act of 1907. The statute could therefore have had no object except to reach cases which the existing statutes did not reach, by the provisions for service on the designated officers or agents in the order named in §319, *supra,* and as to agents gener-

ally in the other sections, as to causes of action arising out of business done in the State. The statute of 1907 seems therefore to have had two objects, one to fix the contractual status of foreign corporations as to service of process which should confer jurisdiction on the local courts as to business transacted in this State, and the other to apply to conditions which the existing statutes did not reach, by designating a particular person on whom service might be made, who would be outside the class of persons, and conditions, embraced within the provisions of existing statutes. That this is true is evinced by the subsequent legislation of 1913 (Acts 1913 p. 60), further strengthening the conditions by requiring the authorization of service on the Auditor of State who could always be found in the jurisdiction. True, in that act it is provided that such service may be made "while any liability remains outstanding in this State against such corporation." It cannot well be questioned that the act of 1907 discloses the same intention, if for no other reason, than the spirit and intent of the act to apply to cases where it would have been otherwise unnecessary, in addition to the provisions of §4089 Burns 1908, Acts 1907 p. 286. That section requires that foreign corporations "shall constantly keep on file in the office of the secretary of state" an affidavit showing the location of its principal place of business, and office in the State of Indiana, and the name of some person who may be found at such office for the purpose of accepting service in all suits that may be commenced against it, and as often as such corporation shall change its location, or its agent or attorney in fact for receiving and accepting service, a new affidavit shall be filed, etc. It is scarcely necessary to point out that the permission within constitutional limits to exercise its franchise is a sufficient contractual consideration for the agreement in regard to service on it. *State, ex rel.* v. *Insurance Co.* (1888), 115 Ind. 257, 17 N. E. 574; *Old Wayne Mut. Life Assn.* v. *McDonough* (1905),

164 Ind. 321, 73 N. E. 703; *Old Wayne Mut. Life Assn.* v. *McDonough* (1907), 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345; *Peoples, etc., Assn.* v. *Markley* (1901), 27 Ind. App. 128, 60 N. E. 1013; *Moore* v. *Mutual, etc., Assn.* (1901), 129 N. C. 31, 39 S. E. 637; *Groel* v. *United Electric Co.* (1905), 69 N. J. Eq. 397, 60 Atl. 822. As a remedial statute, it will be construed to include cases within the reason, even if outside the letter of the statute. *Traudt* v. *Hagerman* (1901), 27 Ind. App. 150, 60 N. E. 1011. It necessarily follows that such agreement is not for the benefit of the State, but of its citizens or residents who have business here with corporations, and enter into their contracts. *Hunter* v. *Mutual, etc., Ins. Co.* (1910), 218 U. S. 573, 31 Sup. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 686. It therefore becomes a power coupled with an interest, and is irrevocable so long as an interest in the subject of the power continues. *Groel* v. *United Electric Co., supra; Hunter* v. *Mutual, etc., Ins. Co., supra; D'Arcy* v. *Connecticut Mut. Life Ins. Co.* (1902), 108 Tenn. 567, 69 S. W. 768; *Germania Ins. Co.* v. *Ashby* (1901), 112 Ky. 303, 65 S. W. 611, 99 Am. St. 295; *Moore* v. *Mutual, etc., Assn., supra.*

That the state may punish by fine, for infraction of the agreement, is wholly aside from the interest of the citizens of the State for whose benefit the statute and contract exist (*Diamond Plate Glass Co.* v. *Minneapolis, etc., Ins. Co.* [1892], 55 Fed. 27), in addition to the fact that as a penal statute, it may be restricted to failures arising while business is being transacted. If on discontinuing its business, it may revoke the agreement and authority, and escape its contractual agreements, it may as consistently do so while engaged in business, and in either event be subject to a fine, but in one case it would be immaterial to the citizen, for he could obtain service otherwise, while in the other it would be very material.

Taking the whole scope and purpose of the act, its spirit

and intent, the statutory requirement is a continuing one, so long as a liability exists arising out of business transactions in this State, for if this be not so, it can have no object, a conclusion which will not be attributed to the legislative branch.   The learned counsel for appellee concede the general rule to be, that where a foreign corporation consents on going into another state to transact business, that service on a *designated state officer* (our italics) shall be valid service upon the company; that consent extends to all actions relative to any business done by the company while in the state, though it may have ceased to do business, or have withdrawn from the state prior to the bringing of the action.   Citing, 5 Thompson, Corporations (2d ed.) §6772; *Germania Ins. Co.* v. *Ashby, supra; Groel* v. *United Electric Co., supra;* to which others might be added.   But it is insisted that this rule applies only in case the statute designates some State officer, agent to receive service, and only while the foreign company is doing business in the State, in the absence of a statutory provision, that the authority of such officer shall continue in force, irrevocable, so long as any liability of the company remains outstanding.   Citing, *People* v. *Commercial, etc., Ins. Co.* (1896), 7 App. Div. (N. Y.) 297, 40 N. Y. Supp. 269; *Friedman* v. *Empire Life Ins. Co.* (1899), 101 Fed. 535; *Swann* v. *Mutual, etc., Life Assn.* (1900), 100 Fed. 922.   It is true, that in the Kentucky case, the statute provided that the service of process should be made on an agent, or the insurance commissioner, but there was no provision limiting the consent to the period during which the foreign corporation was doing business in the state, yet it was held that withdrawing from business in the state, did not revoke the agency for service, as to liabilities growing out of business done in the state.   In the New Jersey case, service was provided to be made on a domestic corporation, or natural person of full age, resident of the state as agent, and in default of such agent, on the Secretary of State, and that the agency thus

constituted should continue until substitution of another agent. The statute also provided for revocation of the agency, but that process in actions on any liability incurred within the state before the designation of another agent, might be made on the Secretary of State. The application to do business appointed an agent to receive service. The corporation discontinued business in New Jersey, and formal revocation of this agency was filed with the Secretary of State, and no other agent was appointed, yet the service on the agent was held valid, as to liability incurred while the company was engaged in business in New Jersey, under the continuing authority of the statute, that the attempted revocation was ineffectual, and that it would have been so, even if there were statutory authority for revocation.

An instructive review of cases is found in *Hunter* v. *Mutual, etc., Ins. Co., supra.* That the agency continues irrespective of whether the agent is an officer, or a private person, is held in the following cases, and on the better reason. *Hill* v. *Empire State, etc., Co.* (1907), 156 Fed. 797; *Johnson* v. *Mutual, etc., Ins. Co.* (1904), 90 N. Y. Supp. 539, 45 Misc. 316; *Fisher* v. *Insurance Co.* (1904), 136 N. C. 217, 48 S. E. 667, and cases cited; *Gibson* v. *Manufacturers Fire, etc., Co.* (1887), 144 Mass. 81, 10 N. E. 729; *Woodward* v. *Mutual, etc., Ins. Co.* (1904), 178 N. Y. 485, 102 Am. St. 519; *Pervangher* v. *Union Casualty, etc., Co.* (1902), 81 Miss. 32, 32 South. 909; *Michael* v. *Mutual Ins. Co.* (1855), 10 La. Ann. 737; *Ben Franklin Ins. Co.* v. *Gillett* (1880), 54 Md. 212; *Equity Life Ins. Assn.* v. *Gammon* (1903), 119 Ga. 271, 46 S. E. 100; see note to *Reeves* v. *Southern R. Co.* (1905), 70 L. R. A. 513. In *Brown-Ketcham Iron Works* v. *George B. Swift Co., supra,* it was held that so long as a liability exists by reason of a contract made while the foreign corporation is transacting business in this State, the agency may not be revoked under the act of 1907, so as to defeat jurisdiction of the local courts. In that case, many

cases are collected presenting the adjudicated cases on both sides of the question. It is true that the cases above cited by appellee do hold that upon withdrawal from doing business in the State, the right to serve process upon their former agent is denied. It is to be observed, however, as to the case of *People v. Commercial, etc., Ins. Co., supra,* a later case in New York takes precisely the opposite view. *Johnson v. Mutual, etc., Ins. Co., supra.* The contrary doctrine of the other two cases is asserted in *Collier v. Mutual, etc., Ins. Co.* (1902), 119 Fed. 617, and *Davis v. Kansas, etc., Coal Co.* (1904), 129 Fed. 149. To our minds, considering the then existing legislation on the subject, and the reason for the statute, and the contractual relation established, the better reason lies, in the rule as declared in the cases which hold that there can be no discontinuance of the authority for service so long as a liability exists arising out of business done in this State, when the corporation was confessedly transacting business under its certificate of admission, and for the same reason, it is immaterial whether the appointee for service is a state officer, or a private person. It may well be, and is eminently fit, that jurisdiction should be here retained until the business once undertaken is closed up. There was no other reason for the act. For the same reason, it is immaterial whether the affidavit filed with the Secretary of State constituted notice or not, as notice is in itself immaterial. It seems to us that the cases holding a contrary view overlook the fact that the status of the foreign corporation is contractual, and that the power is necessarily coupled with an interest as to obligations during continuance in business, until the liabilities and obligations thereby incurred are adjusted or satisfied. If this is not true, the statute was meaningless and abortive. The provision for keeping constantly on file an affidavit as to the location of its principal business office, and the name of some person to accept service in all suits that may be commenced against it, and as often as a change is made requiring substitution, §4089,

*supra,* is a sufficient indication of the intent to continue the jurisdiction over such corporation; it did no more than disclose the prior legal rule, and doubtless arose from the conclusions made, and the rule declared in the *Brown-Ketcham Iron Works* v. *George B. Swift Co., supra.* The fact that the act of 1913 is more specific, argues nothing against the reasonable intent of and necessity for the law, under the prior act, as we conclude it to be.

The judgment is reversed, with instructions to the court below to sustain the demurrer to the plea in abatement, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 103 N. E. 1071. See, also, under (1) 31 Cyc. 343; (2) 31 Cyc. 241; (3) 31 Cyc. 179; (4) 32 Cyc. 561; (6) 36 Cyc. 1173; (8) 19 Cyc. 1346. As to jurisdiction over foreign corporations, see 85 Am. St. 905. As to the liability to suit within a state of a foreign corporation which has revoked the designation of an agent for the service of process and has ceased to do business within the State, see 6 Ann. Cas. 295.