ELDRED et al. v. AMERICAN PALACE-CAR CO. OF NEW JERSEY et al.

(Circuit Court of Appeals, Third Circuit. December 14, 1900.)

No. 25.

1. FOREIGN CORPORATIONS—ACTIONS AGAINST—SERVICE OF PROCESS.

A federal court in one state does not acquire jurisdiction over a defendant which is a corporation of another state, and which does not carry on business in the state of the suit, nor have any authorized representative therein, by the service of process on one who is merely shown to have been a director of such corporation two years previously.

2. JURISDICTION OF FEDERAL COURTS—NONRESIDENT DEFENDANTS—LOCAL ACTIONS.

A suit in a federal court in New Jersey by stockholders of a Maine corporation against such corporation and others to set aside a transfer of patents and property by the corporation to a co-defendant, and to compel a restoration of such property, where the property is not within the district of New Jersey, and the relief sought is general, and not in rem, is not one to enforce a claim to or lien upon property in the district, within the meaning of section 8 of Act March 3, 1875, so as to authorize service on such corporation thereunder as a nonresident defendant.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Edward Q. Keasbey, for appellant.

Arthur Lord and Robert H. McCarter, for appellee.

Before DALLAS, Circuit Judge, and BUFFINGTON and J. B. McPHERSON, District Judges.

BUFFINGTON, District Judge. In this case Eldred and others, citizens of Massachusetts and New York, and stockholders of the American Palace-Car Company, a corporation of the state of Maine, filed a bill against the American Palace-Car Company, a corporation of the state of New Jersey, to set aside a transfer of its patents and property by the Maine to the New Jersey company. An injunction was also prayed for. The Maine company was made a respondent. To the subpœna the marshal made return under date of June 30, 1899, as follows:

"Served the within writ on the defendants Hayward A. Harvey, the American Palace-Car Company of New Jersey, and the American Palace-Car Com-

pany of Maine, on the 12th day of June, A. D. 1899, at East Orange, in the district of New Jersey, by delivering to and leaving with an adult person at the residence of Hayward A. Harvey three (3) copies thereof, and at the same time showing said person this original, with the seal of the court attached, and informing said person of its contents."

While the bill alleges that Harvey—the person served—had some two years previously been a director of the Maine corporation, no official connection is shown by the return to have existed at the time of this service, nor is such fact proven aliunde. The Maine company, by counsel appearing specially for the purpose of such motion, moved the circuit court to dismiss the bill on the ground that it was an indispensable party to the bill, and the court had acquired no jurisdiction over it. After hearing, that court held it had not, by the service returned, acquired jurisdiction over such company, and, as to it, dismissed the bill. 103 Fed. 209. It was not contended the company was doing or had done any business in the state of New Jersey, nor was it alleged that any one was authorized to represent it therein. Under these facts it is clear the circuit court of the district of New Jersey acquired no jurisdiction over the Maine corporation. Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608. It is contended, however, the court below should have made an order directing service on it as an absent defendant, under the act of 1875, which provides:

"That when in any suit, commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be." Act March 3, 1875, c. 137, § 8.

It is manifest, however, that this act has no application to the case in hand. This bill does not purport to concern "real or personal property within the district in which the suit is brought," and in fact the personalty involved is located in another district. It does not seek to obtain a decree in rem, but general relief. The object of an order of service in this case is not to enforce the appearance of an absent defendant in order to extinguish a claim to a specific res already within the jurisdiction of the court, but to secure, as we have said, a decree of a general nature. Moreover, as will appear from our opinion in another branch of this case, the rights which this bill seeks to enforce are wholly the rights of the absent defendant. It is an indispensable party, without whose presence on the record no relief can be granted, for its rights are the foundation of the bill. It is clear this case is not within the purview of the act of 1875. The decree of the court below is affirmed.