### COLLIER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. December 30, 1902.)

1. FOREIGN CORPORATIONS—SERVICE UNDER ARKANSAS STATUTE—ATTEMPTED WITHDRAWAL FROM STATE.

Sand. & H. Dig. Ark. § 4137, requires foreign insurance companies, as a condition to the doing of business in the state, to file a stipulation with the auditor, agreeing that any legal process may be served upon the auditor or upon an agent designated, with the same effect as though served upon

---

¶ 1. Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.

the company within the state. It further provides that, "so long as any liability of the stipulating company to any resident of the state continues, such stipulation cannot be revoked or modified, except that a new one may be substituted, so as to require or dispense with service at the office of said company within the state." *Held*, that a foreign life insurance company, which entered the state and did business therein, filing the required stipulation designating an agent, was bound by the statute, which became a part of its contracts, and could not, after securing a large number of policies in the state, withdraw itself from the jurisdiction, and deprive the holders of such policies of the right to sue it therein by canceling the appointment of such agent, and revoking the authority of all its other agents; and that, in an action on one of such policies it was bound by service made on its agent so designated and on the state auditor.

On Motion by Defendant to Quash the Service of Summons.

Hill & Brizzolara, for plaintiff.

Rose, Hemingway & Rose, for defendant.

ROGERS, District Judge. This suit was brought in the state court, and removed by the defendant to this court. A motion is now filed by the defendant to quash the service, for the reason, as alleged, that at the time of said service it was not doing business in the state of Arkansas, nor did it have any agent therein. The record shows that the return of the sheriff is in due form, and was made both upon Geo. B. Rose and upon T. C. Monroe, auditor of the state of Arkansas.. A stipulation has been filed by which it is agreed:

"That the defendant company complied with the statutes of Arkansas in regard to doing business in the state, and appointed Geo. B. Rose as its agent upon whom service of process might be served, and gave bond to the state as required by statute, and while so doing business in the state issued the policy sued upon. That subsequent to the issuance of said policy the company revoked the power of its agents in the state of Arkansas, and revoked the appointment of said Geo. B. Rose, and after it revoked the appointment of its agents it collected its premiums on policies through local banks from its policy holders; and prior to the institution of this suit it ceased to collect through local banks, and sent notices direct to its policy holders to pay at the home office in New York, and the policy holders have done so under the direction of the defendant. That the defendant company has a large number of outstanding policies in the state, some ten of which are in the city of Ft. Smith, Ark., and it is regularly collecting premiums therefrom; and all of said policies were issued while said company was authorized to do business in the state. That no appointment of agents has been made since the revocation heretofore referred to, and no agent has been kept within the state for the service of process, unless the auditor of state and the said Geo. B. Rose are its agents under and by virtue of the statutes in such case."

Section 4137, Sand. & H. Dig. Ark., provides as follows:

"No insurance company, not of this state, nor its agents, shall do business in this state, until it has filed with the auditor of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the auditor or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this state. And if such company should cease to maintain such agent in this state, so designated, such process may thereafter be served on the auditor; but so long as any liability of the stipulating company to any resident of this state continues, such stipulation can not be revoked, or modified, except that a new one may be substituted, so as to require or dispense with service at the office of said company within this state, and that such service,

according to this stipulation, shall be sufficient personal service on the company. The term 'process' includes any writ, summons, subpœna, or order, whereby any action, suit or proceedings shall be commenced, or which shall be issued in or upon any action, suit or proceedings."

By the stipulation of the parties it appears that, when the policy sued on was issued, the defendant company was regularly doing an insurance business in the state. After it ceased to solicit business further in the state, for a time it collected its premiums upon policies issued while it did business in the state through the instrumentality of banks, and at the time the suit was brought premiums upon policies issued at the time the company was doing business in the state were collected by written notices sent to the assured through the mails, who made their remittances to the head office at New York. It is contended by the defendant company that it was not doing business at the time this suit was brought in the state; that it had previously revoked its agencies; and that under those circumstances no service could be made upon the auditor or Geo. B. Rose, who had been appointed its agent under the statute above quoted. The contention amounts to this: That, after the company ceased to do business in the state, and undertook to revoke the power of its agents, no suit could be brought against the company, even if service might be had upon one of its general agents, who might be found within the territorial jurisdiction of the court. The court is of the opinion the contention is not tenable, and the motion is overruled, upon the authority of Insurance Co. v. Spratley, 172 U. S. 603, 19 Sup. Ct. 308, 43 L. Ed. 569; Magoffin v. Association (Minn.) 91 N. W. 1115. See, also, Pervanger v. Surety Co. (Miss.) 32 South. 909; Cotton Co. v. Yates, 69 Ark. 396, 63 S. W. 997. In the opinion of the court the defendant company, having gone into business in the state of Arkansas while the statute hereinbefore quoted was in full force, and the policy sued on having been executed while said company was so doing business in the state, it cannot now, in the face of the provisions of that statute, revoke the authority of its agent, Geo. B. Rose, so as to deprive the holder of the policy of the right to make service upon him and bind the company thereby; and, moreover, that the service either upon the auditor of state or upon the said Geo. B. Rose was ample, and binding upon the defendant to give this court jurisdiction over the company. The statute quoted, under the circumstances stated, became a part of the policy sued on,—as much so as if it were written on its face. Moreover, it was an irrevocable contract, which the company could not avoid until it satisfied the terms of the statute, which could not be done so long as any liability to any resident of this state, entered into while the company was doing business in the state, continued.

The motion is therefore overruled.