### DAVIS v. KANSAS & TEXAS COAL CO. et al.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. April 1, 1904.)

**1. FOREIGN CORPORATIONS—SERVICE OF PROCESS—CONSTITUTIONALITY OF STATUTE.**

Act Ark. Feb. 26, 1901 (Acts 1901, p. 52, § 1), which provides that where a right of action shall accrue in favor of a resident or citizen of the state against a foreign corporation, whether arising on contract or in tort, and such corporation shall not have an agent in the state or have designated a person on whom service may be made, process may be served on the Auditor of State, and shall be sufficient to give jurisdiction of the person, when construed in connection with previous legislation requiring foreign corporations doing business in the state to designate agents therein on whom process might be served, is constitutional and valid, as applied to corporations which were doing business in the state after the passage of the act and at the time the cause of action sued on accrued therein in favor of a citizen, and a corporation cannot evade service in such case by thereafter withdrawing from the state and canceling the appointment of its designated agent.

On Motion to Quash Service.

T. B. Pryor, for plaintiff.

Ira D. Oglesby, for defendants.

ROGERS, District Judge. This suit was brought in the state court, and removed by the defendants to this court. A motion is now made by the defendant the Kansas & Texas Coal Company to quash the service. The service was made upon the Auditor of State, and the motion alleges that the service upon the Auditor was unauthorized, illegal, and insufficient, and conferred no jurisdiction to render personal judgment against said defendant, because no warrant or authority of law exists for the service of such process upon the Auditor; second, because the service of the process upon the Auditor of the state of Arkansas under the act under which the service was made is in violation of section 8, art. 2, of the Constitution of Arkansas, and of the fifth and fourteenth amendments to the Constitution of the United States. The provision of the Constitution of Arkansas referred to is the one which provides that no person shall be deprived of life, liberty, or property without due

¶ 1. Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.

process of law; being, in substance, the same as article 5 of the federal Constitution.

It was conceded in the argument that, at the time the injury complained of occurred, the Kansas & Texas Coal Company was doing business in the state of Arkansas, and in the Ft. Smith division of the Western District thereof. It was also conceded that, at the time the suit was brought, the Kansas & Texas Coal Company had ceased to do business in the state, and had no agent in the state upon whom service could be made. It also appears from the record that up to the 28th of July, 1902, Thomas R. Tennant was the designated agent of the Kansas & Texas Coal Company for the service of summons and other process, and that his agency was revoked on the 28th day of July, 1902, and that prior to the 28th of July, 1902, the Kansas & Texas Coal Company had ceased to do business in the state of Arkansas, and was not engaged after that time in any business in the state, and that at the time of service of process in this case Thomas R. Tennant was not the agent of the Kansas & Texas Coal Company, or in any way connected with or employed by it. It also appears from the record that service had been had upon the said Tennant, and had been quashed by the state circuit court, before the removal of this case into this court, to which action the defendant the Kansas & Texas Coal Company at the time excepted. The service was had under the act approved February 26, 1901 (Acts 1901, p. 52), section 1 of which is as follows:

"In all cases where cause of action shall accrue to a resident or citizen of the state of Arkansas, by reason of any contract with a foreign corporation, or where any liability on the part of a foreign corporation shall accrue in favor of any citizen or resident of this state, whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served, or has not an officer continuously residing in this state upon whom summons and other process may be served so as to authorize a personal judgment, service or summons and other process may be had upon the Auditor of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject-matter, whether sitting in the township or county where the Auditor is served, or elsewhere in the state.".

If this act stood alone, the court would be compelled to quash the service. Manifestly this statute, standing by itself does not authorize service upon the Auditor, which would be binding upon the defendant corporation, if it was not doing business in Arkansas at the time the cause of action accrued, or where the cause of action grew out of a transaction outside of the state. The act is broad enough, however, to cover that class of cases.' It must be construed, if it can be upheld at all, to apply only to causes of action against corporations growing out of transactions while such corporations were doing business in the state; and, if this act stood alone, it could not be upheld at all, as against the Kansas & Texas Coal Company, but it does not stand alone. The act of the Legislature of Arkansas approved February 16, 1899 (Acts 1899, pp. 18–21), is as follows:

"Section 1. Every corporation formed in any other state, territory or country, before it shall be authorized or permitted to transact business in this state, or to continue business therein, if already established, shall by its certificate, under the hand of the president and seal of such company or corpo-

ration, filed in the office of the Secretary of State of this state, designate an agent, who shall be a citizen of this state, upon whom service of summons and other process may be made. Such certificate shall also state the principal place of business of such corporation in this state. Service upon such agent shall be sufficient to give jurisdiction over such corporation to any of the courts of this state. Any corporation so filing such certificate in the office of the Secretary of State shall pay therefor a fee of one dollar ($1.00) for such filing, and a like fee for each subsequent appointment of an agent so filed.

"Sec. 2. Every company or corporation incorporated under the laws of any other state, territory or country, now or hereafter doing business in this state, shall file in the office of the Secretary of State of this state, a copy of its charter, or articles of incorporation or association; or, in case such company or corporation is incorporated merely by a certificate of incorporation, duly authenticated and certified by the proper authority. The Secretary of State shall cause all such charters, articles of incorporation or association so filed to be duly recorded in a book kept for that purpose. And such corporation shall be required to pay into the treasury of the state, incorporating and other fees equal to those required of similar corporations formed with and under the laws of this state. Upon compliance with the above provisions by said corporation, a copy of such charter, or articles of incorporation, or certificate so filed, properly certified under the seal of his office, shall be taken by all the courts of this state as evidence that the said corporation is entitled to all the rights and benefits of this act. And such corporation shall be entitled to all the rights and privileges, and subject to all the penalties conferred and imposed by the laws of this state upon similar corporations formed and existing under the laws of this state: provided, that the provisions of this act requiring copy of original charter, and certificate naming an agent, and to pay certain fees therefor, shall not apply to railroad or telegraph companies which have heretofore built their lines of railroad or telegraph into or through this state: provided further, that the provisions of this act are not intended and shall not apply to 'drummers' or traveling salesmen soliciting business in this state for foreign corporations which are entirely nonresident.

"Sec. 3. On and after the going into effect of this act, any foreign corporation, as defined above, which shall refuse or fail to comply with this act, shall be subject to a fine of not less than one thousand dollars ($1,000.00), to be recovered before any court of competent jurisdiction; and it is hereby made the duty of the prosecuting attorneys of the different judicial districts of this state to see to the proper enforcement of this act. All such fines so recovered shall be paid into the general revenue fund of the county in which the cause shall accrue. In addition to which penalty, or after the going into effect of this act, no foreign corporation, as above defined, which shall fail to comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort.

"Sec. 4. Any foreign corporation that has heretofore engaged in business, or made contracts in this state, may within ninety days after the passage of this act, file such copy of articles of incorporation, together with certificate of appointment of an agent upon whom service of summons and other legal process may be had, in the office of the Secretary of State, and pay the requisite fees thereon, as provided by this act, then all their contracts made before this act goes into effect are hereby declared as valid as if said articles of incorporation and certificate, as herein defined, had been filed before they began business in this state.

"Sec. 5. That all laws and parts of laws in conflict herewith be and the same are hereby repealed, and that this act shall take effect and be in force from and after its approval."

By an act approved March 18, 1899 (Acts 1899, pp. 116, 117), it is provided:

"Section 1. That section 1323 be amended so as to read as follows: Before any foreign corporation shall begin to carry on business in this state, it shall, by its president and seal of said company filed in the office of the Secretary

of State, designate an agent who shall be 'a citizen of this state, upon whom service of summons and other process may be made. Such certificate shall state the principal place of business of said corporation in this state, and service upon such agent at any place in this state shall be sufficient service to give jurisdiction over such corporation to any of the courts of this state, whether the service was had upon said agent within the county where the suit is brought or is pending or not.

"Sec. 2. All acts and parts of acts inconsistent with this act are hereby repealed, and this act shall take effect and be in force from and after its passage."

By an act of the Legislature of Arkansas (Acts 1899, pp. 305–307), section 2 of the act of February 16, 1899, was amended so as to read as follows:

"Section 1. That section two (2) of said act be and the same is amended so as to read as follows: Every company or corporation incorporated under the laws of any other state, territory or country, now or hereafter doing business in this state, shall file in the office of the Secretary of State of this state, a copy of its charter, or articles of incorporation, or association, or in case such company or corporation is incorporated merely by a certificate, then a copy of its certificate of incorporation, duly authenticated, and certified by the proper authority. The Secretary of State shall cause all such charters, articles of incorporation, or association, so filed to be duly recorded in a book kept for that purpose. And such corporation shall be required to pay into the treasury of the state, incorporating and other fees equal to those required of similar corporations formed within and under the laws of this state. Upon compliance with the above provisions by said corporation the Secretary of State shall cause to be issued to said corporation, a copy of such charter, or articles of incorporation, or certificate so filed, properly certified under the seal of his office, and a copy of such charter, or articles of incorporation or certificate, certified to by the Secretary of State shall be taken by all the courts of this state as evidence that the said corporation has complied with the provisions of this act, and is entitled to all the rights and benefits therein conferred. And such corporation shall be entitled to all the rights and privileges, and subject to all the penalties conferred and imposed by the laws of this state upon similar corporations formed and existing under the laws of this state: provided, that the provisions of this act requiring copy of original articles of incorporation, or charter, and certificate naming an agent, and to pay certain fees therefor, shall not apply to railroad companies which have heretofore built their lines of railroad into or through this state: provided further, that the provisions of this act are not intended and shall not apply to 'drummers' or traveling salesmen soliciting business in this state for foreign corporations which are entirely non-resident."

All these acts must be construed together, so that the provisions of each of them may be permitted to stand, and from the whole the purpose and object of the Legislature is to be deduced. It may be noted in this connection that as early as the 25th of April, 1873 (Acts 1873, p. 258, § 13), the Legislature of Arkansas enacted the following statute:

"No insurance company, not of this state, nor its agents, shall do business in this state, until it has filed with the Auditor of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the Auditor or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this state. And if such company should cease to maintain such agent in this state, so designated, such process may thereafter be served on the Auditor; but so long as any liability of the stipulating company to any resident of this state continues, such stipulation can not be revoked, or modified, except that a new one may be substituted, so as to require or dispense with

service at the office of said company within this state, and that such service, according to this stipulation, shall be sufficient personal service on the company. The term 'process' includes any writ, summons, subpœna, or order, whereby any action, suit or proceedings shall be commenced, or which shall be issued in or upon any action, suit or proceedings."

It will be noted that this last statute differs in some important particulars from the statutes quoted above, which apply to other corporations than insurance companies. For instance, by the last statute, before an insurance company could legally do business in the state, it was required to file a written stipulation "agreeing that all legal process affecting the company, served on the Auditor or the party designated by him or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this state." It is also provided that if such company should cease to maintain such agent in the state, so designated, such process may thereafter be served on the Auditor; and it prohibited the revoking by insurance companies of such stipulation, except by substituting a new agent for the one revoked. It is also provided specifically that service on the Auditor or such agent according to the stipulation shall be sufficient personal service on the company.

Reviewing these several statutes, it appears that by a provision of the original Code of this state, which provision is now found in section 5672 of Sandel & Hill's Digest of the Statutes of Arkansas, a foreign corporation having an agent in this state, could be brought into court by making service upon such agent. Service could not be had upon a foreign corporation in this state at that time in any other way. It was therefore within the power of a corporation, if it saw fit, at any time, to withdraw its agents from the state, and in that way avoid suit. Afterwards, by an act of the Legislature approved April 4, 1887 (Acts 1887, p. 234), incorporated in sections 1323–1325, inclusive, of Sandel & Hill's Digest, the Legislature sought to correct this evil, and provided that, before any foreign corporation shall begin to carry on business in the state, it shall, by its certificate under the hand of the president and seal of such company, filed in the office of the Secretary of State, designate an agent, who shall be a citizen of the state, upon whom service of summons and other process may be made. Such certificate shall also state the principal place of business of such corporation in the state. Service upon such agent shall be sufficient to give jurisdiction over such corporation in any of the courts of the state. And by such stipulation the failure by such corporation to comply with this provision rendered all its contracts with all the citizens of the state void, and the state courts were prohibited from enforcing the same in favor of such corporation. Corporations doing business in the state were also given 90 days within which to comply with the statute. The purpose of this act was manifest. It was to prohibit the corporation doing business in the state until it had first designated an agent upon whom process might be served in favor of any citizen of the state who might have a cause of action against it. The act of February 16th, quoted supra, was intended to carry out the same idea, and also to further regulate the doing busi-

ness in this state by foreign corporations. The act of March 18th, supra, which amends section 1323 of Sandel & Hill's Digest, referred to supra, was intended to authorize suit to be brought against foreign corporations by service on the designated agent, whether the service was had upon said agent within the county where the suit was brought or is pending, or not. The act of May 8th amending the second section of the act of February 16th, supra, in no wise affects the method previously provided for service upon corporations. It may be noted that the Legislature of the state, up to this date, made no provision for service upon a foreign corporation, except upon an agent found in the state, or a citizen of the state designated as an agent upon whom service might be had under the acts above referred to. But the act of February 26, 1901, which is now assailed, and under which the process in this case was had, went a step further, and provided that:

"In all cases where cause of action shall accrue to a resident or citizen of the state of Arkansas, by reason of any contract with a foreign corporation, or where any liability on the part of a foreign corporation shall accrue in favor of any citizen or resident of this state, whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served, or has not an officer continuously residing in this state upon whom summons and other process may be served so as to authorize a personal judgment, service of summons and other process may be had upon the Auditor of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter, whether sitting in the township or county where the Auditor is served, or elsewhere in the state."

Up to the passage of this act a foreign corporation doing business in the state might, at its pleasure, cease to do business in the state, recall its agents, and revoke the authority conferred under the acts above referred to upon a citizen of the state upon whom service could be made; and, this being done, no suit could be brought against it in the state. If the same is true under the provisions of the act of February 26th, to which I have just referred, what was the object and purpose of the provision authorizing service to be made upon the Auditor? The company could not-withdraw the agency of the Auditor, because that was conferred by the terms of the statute, and when it did business in the state after the passage of the act of February 26, 1901, that section of the statute became in the nature of a contract between the company and the state, to the effect that service might be had upon the Auditor of State in all cases where suits accrued against the company while doing business within the state; and it is beyond the power of the defendant company to revoke that provision of the statute. If the object of the statute was not that the company might be sued after it had ceased to do business in the state, and had recalled its agents and revoked the agency of the person designated, then what could have been the purpose of the Legislature in designating the Auditor as a person upon whom service might be had? It may be said that the object of designating the Auditor as a person upon whom process might be served was to provide against the failure of foreign corporations to designate agents as previous statutes required; but it must be remembered that, by the provisions of the previous statutes, foreign corporations were absolutely forbidden

to do business in the state at all until they had designated agents, and their contracts had been rendered void, and they themselves subjected to criminal prosecution, for their failure to comply with the statutes. I think, therefore, it is fair to say that the Legislature intended that a foreign corporation doing business in the state should not escape suit in the state for contracts entered into by it or torts committed by it by simply ceasing to do business in the state, recalling its agents, and revoking the authority of the person designated by it under the law to receive process.

I am of the opinion that the principles laid down in the case of Collier v. Mutual Reserve Life Association (C. C.) 119 Fed. 617, are alike applicable to the case at bar, and that the motion to quash the process ought to be overruled. Of course, this opinion must be limited to the facts before the court, and has no application whatever to contracts entered into or torts committed by corporations not doing business within the state at the time the cause of action accrued, Because the act of February 26, 1901, is broad enough to cover the acts and doings of foreign corporations beyond the territorial limits of the state, which never at any time did business within the state, and therefore, as to such corporations, is unconstitutional, it does not follow that the act should be held to be void as to the class of cases which arise out of transactions of foreign corporations doing business in the state at the time such cause of action accrued.

The motion to quash the process in this case is overruled.