## WESTERN GROCER CO. v. NEW YORK OVERSEA CO., Inc.

### (District Court, N. D. California, Second Division. January 24, 1924.)

### No. 16944.

1. **Corporations ⬯646—Foreign corporation, having received license to do business in state, cannot evade jurisdiction by withdrawing agent.**

   Where a foreign corporation has accepted the conditions stated in St. Cal. 1917, p. 371, stating the conditions under which a foreign corporation is permitted to do business in California, has received its license, has actually done business and entered into a contract made and to be performed at the time when the corporation was doing business in California, it cannot evade the jurisdiction of the California courts by merely withdrawing its agent.

2. **Corporations ⬯662—Policy of law to require foreign corporations to submit controversies to state courts.**

   It is the policy of the law to require foreign corporations to submit controversies growing out of state business to state courts, and not compel a citizen having such a controversy to seek the state in which the corporation has its home for the purpose of enforcing his claim.

3. **Corporations ⬯636—State may exclude foreign corporations from transacting business, or annex conditions thereto.**

   A state has the power to entirely exclude foreign corporations from transacting intrastate business, or to annex such conditions as it may see fit to the doing of such business.

4. **Corporations ⬯657(6)—Statute stating condition under which corporation can do business read into all of its contracts.**

   Where a foreign corporation complies with St. Cal. 1917, p. 371, stating the conditions under which a foreign corporation may do business in that state, one of which conditions is that, in the event of its withdrawal from the state, service of process can be made on the officer provided by statute, those conditions are to be read into all of its contracts.

At Law. Action by the Western Grocer Company, an Iowa corporation, against the New York Oversea Company, Inc., a New York corporation. On motion to quash. Motion denied.

C. H. E. Boardman, of Marshalltown, Iowa, Wm. Ritchie, Jr., of Omaha, Neb., and Edward Hohfeld and Oliver Dibble, both of San Francisco, Cal., for plaintiff.

Hadsell, Sweet & Ingalls, of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge. On the 12th of May, 1920, plaintiff and defendant entered into a contract in writing, by which plaintiff agreed to sell and defendant agreed to buy 800 long tons of Java white sugar. The contract was made in San Francisco, and provided for delivery of the sugar here, ex steamer from Java, during July, 1920, payment to be made in San Francisco, net cash against seller's sight draft with the documents. The contract also provided that, "upon consummation of sale, buyer to establish in San Francisco irrevocable banker's letter of credit." On May 18, 1920, the letter of credit was established by the Corn Exchange National Bank of Chicago, directed to the defendant at No. 314 Cole Building, San Francisco, in the amount of the purchase price of the sugar, namely, not to exceed $425,000. At all times from March 1, 1919, to December 31, 1920, defendant had its office at No. 314 Kohl Building, San Francisco, in charge of one Haaken Berg, who signed the contract for defendant as manager.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

From January 1, 1921, to April 30, 1921, the defendant had its office at No. 301 Kohl Building. On the 9th day of November, 1920, plaintiff tendered the documents to Berg, but he refused to accept them, or to draw against the letter of credit, or make payment. This suit followed.

At the time the contract was entered into, and at the time it was to be performed, the defendant had complied with the laws of California permitting it to do business within this state. On March 22, 1919, defendant filed a certified copy of its articles of incorporation with the secretary of state, and designated Haaken Berg as its agent, upon whom process could be served. The secretary of state thereupon issued his license to defendant authorizing it to do business in California for the year 1920. Haaken Berg left San Francisco, and became a resident of New York, March 7, 1921, and defendant has not designated any other agent in this state. Under these circumstances, the marshal served the subpœna upon the secretary of state.

[1] The motion therefore presents this question: Where a foreign corporation has accepted the conditions under which, by the laws of this state, it is permitted to do business here, has received its license, has actually done business, and entered into a contract, made and to be performed at a time when legally and in fact it was doing business here, can that corporation evade the jurisdiction of the local courts by merely withdrawing its agent? The statute (chapter 215, Statutes of 1917) provides that every foreign corporation shall file with the secretary of state a certified copy of its articles, and a designation of some person upon whom process can be served. Upon compliance with these provisions, it is entitled, practically, to all the privileges of a domestic corporation; failure so to comply, on the other hand, subjects it to certain penalties. The statute further provides that, within 40 days after the designated agent removes from the state, the foreign corporation shall designate another agent; failure so to do shall entitle a litigant to serve process upon the secretary of state. It is at once apparent that, to permit a corporation to accept the benefits of this statute, and, after it had entered into contracts, to evade jurisdiction by withdrawing its agent, would be in the highest degree inequitable and unjust. It is to prevent that injustice that the statute provides that if the corporation fails to designate a new agent, service may be made upon the secretary of state.

[2, 3] It is, of course, the policy of the law, as said by the Supreme Court in Mutual Reserve v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987, "that foreign corporations * * * shall submit to controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek the state in which the corporation has its home for the purpose of enforcing his claims." It is, of course, true that it has been held that statutes providing for service upon a state official in the first instance are invalid. But it would seem clear that the rule should be otherwise where the corporation has once accepted the benefits of the statute. A state, without doubt, has the power to entirely exclude foreign corporations from transacting intrastate business. Horn Silver Mining Co. v. New York, 143 U. S. 305, 12 Sup. Ct. 403, 36 L. Ed. 164. Equally has it the power to annex such conditions as it may see fit to the doing of such

business.  Pullman Co. v. Kansas, 216 U. S. 65, 30 Sup. Ct. 232, 54 L. Ed. 378.

[4] Having accepted those conditions, to use the language of Davis v. Kansas & Texas Coal Co. (C. C.) 129 Fed. 149, "that section of the statute became in the nature of a contract between the company and the state."  In my opinion, it becomes more than that.  I think it becomes a part of every contract which the corporation may make within the state, and which is to be performed within the state.  In other words, I believe that, when defendant complied with the provisions of the California statute, those provisions are to be read into all of its contracts here, and one of those provisions is that, in the event of its withdrawal from the state, service of process can be made upon the officer provided by statute.

The motion to quash is denied.