## ZENDLE v. GARFIELD ANILINE WORKS, Inc.

District Court, D. New Jersey. December 1, 1928.

Elmer Friedbauer, of Passaic, N. J., for plaintiff.

Charles F. Dane and Rogers & Whitaker, all of New York City, for defendant.

RELLSTAB, District Judge. The defendant in this suit, a corporation of the state of New York, moves to set aside the service of the summons and to dismiss the complaint, on the ground that this court is without jurisdiction over the defendant.

The provisions of the New Jersey act concerning corporations (Rev. 1896), 2 Comp. Stat. N. J. p. 1592, applicable to foreign corporations of the character of the defendant, and pertinent to the present motion, require that they, "before transacting any business in this state, shall file in the office of the secretary of state a copy of its charter or certificate of incorporation, * * * and a statement * * * of the amount of its capital stock authorized and the amount actually issued, the character of the business which it is to transact in this state, and designating * * * an agent * * * upon which agent process against such corporation may be served, and the agency so constituted shall continue until the substitution, by writing, of another agent; upon the filing of such copy and statement the secretary of state shall issue to such corporation a certificate that it is authorized to transact business in this state, * * *" Section 97.

Also that, "if said agent shall die, * * * such corporation shall forthwith file in the office of the secretary of state a written appointment of another agent, * * * and in case of the omission to do so within 30 days after such death, * * * then the secretary of state, * * * shall, * * * revoke the certificate of authority to transact business within this state, and process against such corporation in actions upon any liability incurred within this state before the designation of another agent may, after such revocation, be served upon the secretary of state; * * *" Section 99.

From the affidavits and papers filed in the suit, and used on the hearing of this motion, and concessions made in open court, it appears that in 1920, pursuant to section 97 of the New Jersey act, the defendant filed with the secretary of state of New Jersey the required certificate for doing business in this state and designated a person as its agent upon whom service of process might be made; that it carried on a manufacturing business in the state of New Jersey for a number of years (the beginning not being stated) and until 1927, in which year it sold its New Jersey plant, and from that time transacted no business of any kind in that state; that the plaintiff is a citizen and resident of New Jersey; that in 1920, while so resident, he entered into an agreement with the defendant to work for it in that state

on a salary and commission basis, and entered upon and continued in that employment until the latter part of 1924; that some time in that year the agent designated by the defendant died, and that no other designation of agency was filed by it, but that in March, 1928, it filed with the secretary of state a certificate revoking the designation of agency referred to, declaring therein that it had ceased to transact business in New Jersey, and that it withdrew from that state; that in April, 1928, the plaintiff instituted the present suit to recover commissions alleged to have been earned by him while so employed by the defendant; that the summons—service of which is here under attack—was served upon the New Jersey secretary of state on June 1, 1928, and that at the time this service was made the defendant had instituted proceedings in the state of New York to dissolve itself.

If the disputed service had been made before the defendant ceased to do business in New Jersey, this court's jurisdiction would be undoubted, as the requisite diversity of citizenship, residence of plaintiff and amount in controversy exist. The question for decision is a narrow one; i. e., is the doing of business by a defendant at the time of service, a requisite to jurisdiction where the cause of action arose out of business carried on by the defendant in this state? Its determination depends entirely upon the proper interpretation of the state statute.

The defendant contends that it is an indispensable condition to legal service upon a foreign corporation that it be actually carrying on business within the state at the time of service. While the language used in some of the cases lends support to this contention, the great weight of the authorities is otherwise.

In Groel v. United Electric Co., 69 N. J. Eq. 397, 60 A. 822, the pertinent parts of the quoted provisions of the New Jersey Corporation Act were under consideration. It was there held:

"For a cause of action arising in this state, while a foreign corporation was transacting business here under a license obtained under the statute, chancery can enforce its jurisdiction by process served on the designated agent, whether the corporation is actually engaged in business here at the time of service or not, and such construction of the statute is not violative of the fourteenth amendment of the federal constitution, in relation to due process of law.  *  *  *

"Service of process on a designated agent of a foreign corporation is good, although previously the corporation, by resolution, had formally revoked the designation and sent a copy to the secretary of state, who had placed the same with the files of the company and made an entry on his docket of foreign corporations to the effect that the corporation had withdrawn from the state, there having been no designation of another agent."

This construction, though not made by the New Jersey court of last resort, in my judgment, is sound and is in harmony with the federal cases on the same subject, quotations from a few of which follow:

Mutual Reserve Fund Life Assn. v. Phelps, 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987 (where the service made upon the insurance commissioner, under the Kentucky statute, was held good):

"Kindred statutes enacted in various states indicate the purpose of the state that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek for the purpose of enforcing his claims the state in which the corporation has its home." Page 158 of 190 U. S. [23 S. Ct. 709].

Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492:

"A state may by statute require a foreign corporation doing business therein to designate agents upon whom service may be made, or in default of its so doing, to provide upon whom such service may be made in suits relating to business transacted therein, but such statutory requirements cannot extend to causes of action arising in other states."

American Railway Express Co. v. Royster Guano Co., 273 U. S. 274, 41 S. Ct. 355, 71 L. Ed. 642:

"A state statute constitutionally may require a foreign corporation to appoint a local agent and, in case of its default, may itself designate an official, to receive service of process in actions to collect local debts of the corporation left unsettled when it withdrew from the state."

Other federal cases to the same effect are: Hunter v. Mutual Reserve Life Insurance Co., 218 U. S. 573, 584–588, 31 S. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 636; Hill v. Empire State-Idaho M. & D. Co. (C. C. Idaho, N. D.) 156 F. 797; Chehalis River Lumber & Shingle Co. v. Empire State Surety Co. (D. C. W. D. Wash. S. D.) 206

**417**

F. 559; Hagler v. Security Mut. Life Ins. Co. (D. C. N. D. Texas) 244 F. 863; Farmers' & Merchants' Bank, etc., v. Federal Reserve Bank, etc. (D. C. E. D. Ky.) 286 F. 566; Western Grocer Co. v. New York Oversea Co. (D. C. N. D. Calif. 2d. Div.) 296 F. 269.

The cases cited by defendant as holding a contrary doctrine, do not sustain its contention. Of the seven principally relied upon, Ryan v. Ohmer (D. C. S. D. N. Y.) 233 F. 165, Remington v. Central Pacific R. R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959, and Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517, hold that the service was bad because made upon a nonresident officer of the foreign corporation, who was only casually and unofficially present in the district where served.

In Mexican Central Ry. Co. v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699, the service was held bad because made on "a person in charge of a joint railroad warehouse," in whose selection the defendant did not participate and who was not on its pay roll, the ground being that he was not the defendant's "local agent," within the Texas statute.

In Eldred v. American Palace-Car Co. (C. C. A. 3) 105 F. 455, the service was held bad because the foreign corporation was not carrying on any business in the state when service was made, and the person served was not shown to have had any official connection with the defendant at the time of service.

In the other two causes the services were held good. In Chatters v. Louisville & N. R. Co. (D. C. E. D. La. New Orleans Div.) 17 F.(2d) 305, it was held to be good because made upon an agent of the defendant "appointed to receive service of process within the state of Louisiana," though "the damage occurred outside of the state," it being held that "the cause of action arose out of a contract of carriage between the defendant and the plaintiff * * * made in New Orleans, La.," where the suit was instituted. 17 F.(2d) 306.

And in Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N. Y. 432, 111 N. E. 1075, L. R. A. 1916E, 407, Ann. Cas. 1918A, 389, it was held to be good upon the ground that it was made upon an agent designated by the defendant foreign corporation as "a person upon whom process against the corporation may be served within the state."

The motion is denied.