### KELLY et al. v. JOHNSON NUT CO.
### No. 5316.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1930.

Bulkley, Hauxhurst, Jamison & Sharp, of Cleveland, Ohio (H. A. Hauxhurst, Frank X. Cull, and J. Hall Kellogg, all of Cleveland, Ohio, on the brief), for appellants.

Shaw, Safford, Putnam & Shaw, of Minneapolis, Minn. (Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKEN-LOOPER, Circuit Judges, and TAYLOR, District Judge.

HICKENLOOPER, Circuit Judge.

Sections 178 and 179 of the General Code of Ohio make it a condition precedent to a foreign corporation transacting business in that state, that it file in the office of the secretary of state a statement under its corporate seal setting forth, inter alia, "the name of a person designated as provided by law, upon whom process against the corporation may be served within this state." Section 180 provides for filing fees, and section 181 further provides that if the agent so designated dies or removes from the principal place of business of the corporation within the state, the corporation shall designate another person upon whom process may be served. "On failure so to do, the secretary of state shall revoke the authority of the corporation to do business within this state and process against such corporation in an action upon the liability incurred within this state before such revocation may be served upon the secretary of state after such death or removal and before another designation is made."

These sections of the General Code must be read in pari materia, and when so read it is obvious that their purpose is pri-

marily "to secure local jurisdiction in respect of business transacted within the State." Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U. S. 213, 215, 42 S. Ct. 84, 85, 66 L. Ed. 201. The precise question confronting us is whether, under the liberal construction in furtherance of the general purpose to which we think the statutes are entitled (compare Ohio G. C. § 10214), the right to serve the corporation, by service upon a designated agent, survives the revocation (for nonpayment of taxes) of authority to do business within the state, as to suits founded upon business transacted there before revocation and withdrawal.

■ It seems manifest that if the statute expressly provides that the power of attorney shall be irrevocable, or validates service upon a state officer, as long as any liability of the company remains outstanding in such state (compare sections 9380 et seq., Ohio General Code), such provisions are valid and withdrawal from the state is ineffective to defeat such service. Hunter v. Mutual Reserve Life Ins. Co., 218 U. S. 573, 591, 31 S. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 686; Insurance Co. v. Scott, 136 N. C. 157, 48 S. E. 581; Kraus v. American Tobacco Co., 283 Pa. 146, 129 A. 60; Wilson v. Martin-Wilson Automatic Fire Alarm Co., 149 Mass. 24, 20 N. E. 318; Collier v. Mutual Reserve Fund Life Ass'n (C. C.) 119 F. 617. The same principle has been applied where the statute provides for the appointment of an agent to receive service of process "in any action" thereafter instituted. Home Ben. Soc. of New York v. Muehl, 109 Ky. 479, 59 S. W. 520; Commonwealth v. Provident Sav. Life Assur. Soc., 155 Ky. 197, 159 S. W. 698; Chehalis River Lumber Co. v. Empire State Surety Co. (D. C.) 206 F. 559. In such a case the agency is said to be irrevocable as one coupled with an interest on behalf of resident creditors. Frazier v. Steel & Tube Co. of America, 101 W. Va. 327, 132 S. E. 723, 45 A. L. R. 1442; McClamroch v. Southern Surety Co., 193 Iowa, 249, 187 N. W. 41. Or, more properly, we think, the designation of an agent to receive service of process, as a condition precedent to doing business within the state, is regarded as a contract for the benefit of resident creditors, to submit to local jurisdiction, which applies to all liabilities created within the state and which, as to such liabilities, is irrevocable. Meixell v. American Motor Car Sales Co., 181 Ind. 153, 103 N. E. 1071, Ann. Cas. 1916D, 375; Magoffin v. Mutual Reserve Fund Life Ass'n, 87 Minn. 260, 91 N. W.

1115, 94 Am. St. Rep. 699; Woodward v. Mutual Reserve Life Ins. Co., 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519; McClamroch v. Southern Surety Co., supra; Western Grocer Co. v. New York Oversea Co., Inc., 296 F. 269 (D. C., Cal.); Davis v. Kansas & Texas Coal Co., 129 F. 149 (C. C., Kan.).

While section 179 does not expressly provide that process may be served upon the designated agent "in any action," and while these sections do not in terms provide that the power to so serve process shall be irrevocable as long as liabilities incurred within the state before withdrawal remain unsatisfied, this latter provision is included in section 181 in event of failure to designate another agent upon the death or removal of the one originally designated. This has a direct bearing upon the scope to be given to section 179, for it is not conceivable that the Legislature intended that process might be served upon the foreign corporation after revocation of its right to do business in Ohio because of failure to appoint a new agent, but did not intend such survival in the event of revocation of the same authority for any other cause or upon voluntary withdrawal. By necessary implication, the intent would rather seem to be that authority of the agent to receive service of summons continued as long as there were unsatisfied liabilities incurred within the state before withdrawal and while the agent was available for this purpose; but if such agent died or removed from the state, whether before or after withdrawal of the corporation therefrom, the obligation to appoint a new agent was imposed upon such corporation, as to such liabilities, and on failure so to do, service might be made upon the secretary of state. See, in addition to authorities already cited, Groel v. United Elec. Co. of New Jersey, 69 N. J. Eq. 397, 60 A. 822; Mutual Reserve, etc., Ass'n v. Phelps, 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987.

So construing the provisions of these sections, it follows that their terms constituted a contract by the defendant below for the benefit of plaintiff, among others, which contract was read by implication into the contract between plaintiff and defendant. Having withdrawn from the state while the liability to plaintiff, which was incurred within the state before withdrawal, still remained unsatisfied, and service having been made upon the person designated by the defendant to receive such service, the court below erred in holding such service invalid, and the judgment is

Reversed.