## SOUTHWARK FOUNDRY & MACHINE CO. v. FRANZ FOUNDRY & MACHINE CO.

### No. 5652.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1931.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellant.

Willis Bacon, of Akron, Ohio (Burch, Bacon, Sifling & Pheley, of Akron, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellee, plaintiff below, brought its action in the court of common pleas of Summit county, Ohio, upon an account for work and labor done under contract with the defendant, a foreign corporation. The petition was drawn in the short or Code form. Return of summons shows service upon one David M. Donley, "managing agent" of the defendant. The cause was removed to the United States District Court, and thereafter the defendant, appearing specially for the purpose of such motion and for no other purpose, moved the court to set aside and quash the pretended service of summons upon the ground that it was made upon the statutory agent of the company, designated under section 179 of the General Code of Ohio, that the cause of action stated in plaintiff's petition grew out of business transacted by the defendant outside the state of Ohio and before the defendant was authorized to do business in such state, and that service upon such agent was therefore not authorized in this case. There is no contention that at the time of suit the defendant was not present, in so far as it could be present, and doing business in Ohio. Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201, is cited as controlling authority for the position taken. An affidavit setting forth these facts was filed with the motion and made part thereof by reference. The motion to quash being overruled, the defendant filed a general denial, stating, however, that it was "not waiving or intending to waive its motion to quash service of summons heretofore filed, or its objection to the jurisdiction of this court over its person, but still protesting that the court is without jurisdiction," etc. The overruling of the motion to quash is assigned as the error principally relied upon.

In the early half of the nineteenth century all corporations were regarded as purely artificial legal entities, existing only in contemplation of law, and incapable of having a recognized legal existence outside the boundaries of the several sovereignties by which they were created. Cf. Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274. Whether this doctrine should continue to be accepted to its full import as the basis of judicial determination, in view of the changed and changing conditions of corporate business, is perhaps the determinative question here. It is common knowledge that Delaware and New Jersey corporations exist, for example, whose only plants and whose general offices are located, and all of whose business is transacted, except possibly the annual meetings of stockholders or periodic meetings of the boards of directors, outside the states of their creation. From the earliest times, however, it was recognized that a foreign corporation might "consent" to be sued in a jurisdiction other than that of its creation. This consent was but a fiction of the law (Smolik v. Phila. & R. Coal & Iron Co., 222 F. 148 [D. C. N. Y.]; Penn Fire Ins. Co. v. Gold Issue Mining Co., 243 U. S. 93, 96, 37 S. Ct. 344, 61 L. Ed. 610), and was said to be implied from the designation of a statutory agent upon whom service of summons could be made, or even from transacting business within the state without making such designation; but the implication of consent, where relied upon, was extended no further than was expressly required by the legislation prescribing the conditions precedent to doing business within the state and the construction which had been placed upon that legislation by the court of last resort in such state. Simon v. So. Ry., 236 U. S. 115, 130, 35 S. Ct. 255, 59 L. Ed. 492; Mitchell Furniture Co. v. Selden Breck Construction Co., supra.

But the later decisions of the Supreme Court, although still as of course relying upon the established doctrine of a limited, implied consent where the corporation had not designated an agent to accept service, or, having designated such agent, had substantially withdrawn from doing business within the state, seem also to recognize at least a

partial abandonment of the old doctrine that a corporation could have no legal existence outside the state of its creation (to avoid the effect of which the fiction of implied consent had been created), and to accept as a fact the more modern and practical view that a corporation may be transacting business in a foreign state "as to such extent as to warrant the inference that it was present there." St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 265, 37 S. Ct. 280, 61 L. Ed. 710; Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Bank of America v. Whitney Bank, 261 U. S. 171, 172, 43 S. Ct. 311, 67 L. Ed. 594. Such position is wholly inconsistent with the earlier doctrine, and if, as held in St. Louis S. W. Ry. v. Alexander, page 226 of 227 U. S., 33 S. Ct. 245, 247, a corporation may be regarded as transacting business in a foreign state "to such an extent as to subject it to the jurisdiction and laws thereof," either consent to be there served with summons, as any domestic corporation is served, must be implied in every such case, or an application of the doctrine of implied consent must be considered as no longer necessary where the facts warrant the inference of actual presence.

This we think is the distinction between the instant case and the cases of Mitchell Furniture Co. v. Selden Breck Constr. Co. and Kelly v. Johnson Nut Co., 38 F.(2d) 177, 178 (C. C. A. 6). In each of these cases the defendant had withdrawn from the state. The question then was whether such consent to be sued in Ohio, as is implied from the designation of an agent to accept service of summons, extended to transitory causes of action which arose outside the state, or only to those which arose "in respect of business transacted within the state." Both decisions recognized that jurisdiction over an absent defendant must depend upon the scope to be given to the implied consent, but neither decides that service upon the statutory agent is invalid if such service is made while the defendant is transacting business within the state, and while the inference of presence there is warranted. This last issue is the only one now raised.

In Maichok v. Bertha-Consumers Co., 25 F.(2d) 257, this court stated the settled rule in Ohio to be "that a foreign corporation, actually doing business within the state and having therein a managing agent who is served, is subject to be sued therein upon a transitory cause of action arising outside of the state." The question whether, under such conditions, service might be made upon the statutory agent was not there decided; but, if considered from the viewpoint either of implied consent or of the inference of actual presence, this decision must necessarily be regarded as defining the scope of such implied consent to include consent to be served under, and to the applicability of, the general laws of the state, or as holding that the implication of consent to be sued is no longer necessary because of the inference of presence and of subjection to the jurisdiction of the state. From any viewpoint the present question resolves itself into one of the combined effect of the various statutes relative to service upon a foreign corporation entering Ohio to transact business there.

The statutes of Ohio regulating service of summons upon corporations are quite broad in their provisions. General Code, § 11288, provides in general terms the methods of obtaining service of summons upon a corporation, by service upon its president or other chief officer, its cashier, treasurer, secretary, clerk, managing agent, etc. General Code, § 11290, provides: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent." General Code, § 179, provides for the designation of an agent of a foreign corporation entering this state, "upon whom process against the corporation may be served within this state." All these sections are entitled to that liberal construction given to remedial statutes. All must be read in pari materia. We are aware of some conflict in the nisi prius courts of Ohio as respects the cumulative or the exclusive character of these enactments, but we observe no ambiguity. General Code, § 10214, requires that they be "liberally construed, in order to * * * assist the parties in obtaining justice." While such rule of liberal construction cannot convert that which is not good into a valid service, and while the legislative power of the state is limited, in providing what shall constitute valid service, to that which may reasonably be expected to give the notice aimed at, it seems to us that the manifest intention of the Ohio General Assembly was to facilitate the service of process upon corporations, foreign and domestic, by affording litigants a wide variety of choice as to the corporate representative upon whom such service might be made. Thus, in the absence of contrary ruling by the Supreme Court of the state, we must construe all these provisions as cumulative.

The courts of Ohio "are open to all who may seek relief therein, *against any one who can be reached by its process.*" (Italics ours.) Handy v. Insurance Co., 37 Ohio St. 366, 370. Passing by questions of the survival of the right to serve the statutory or designated agent after the foreign corporation has left the state, or, otherwise expressed, when it is not doing business in Ohio "in such manner as to warrant the inference that it was present there," and giving cumulative effect to the provisions of General Code, §§ 179, 11288, and 11290, we are constrained to interpret the provision of section 179, for the appointment of an agent "upon whom process against the corporation may be served within this state," as permitting service upon such designated agent in any action upon which the corporation was then amenable to suit in Ohio, by service in any of the various methods provided, and while the corporation was in fact exercising its franchises there with the consent of the state. Such construction only is consistent with the unqualified language of section 179 and with the apparent intent to simplify the service of process and to provide a large number of apparently interchangeable methods for making such service. We see nothing therein inconsistent with either the doctrine or dicta of Mitchell Furniture Co. v. Selden Breck Construction Co. If the service was valid if made upon the designated agent, as such, it would not be invalidated because such agent was denominated a "managing agent" in the return. Such irregularity, if it be one, might be corrected upon plea in abatement or motion to make the return conform to the fact. Cf. Monanchik v. Bertha-Consumers Co., 25 F. (2d) 257, 258 (C. C. A. 6). In truth, under liberal construction, the designated agent might well be regarded as legitimately included in the term "managing agent" as and for purposes of litigation.

We pass, without deciding, other questions arising upon the record, viz. whether the liability was rightly to be considered as "incurred" within the state (cf. General Code, § 181), since it arose from work and labor performed by plaintiff upon certain castings of the defendant which were delivered by it to plaintiff in Ohio; whether the connection with "business transacted within the state" was not sufficiently close to permit action there under the doctrine of implied consent and regardless of the theory of presence (compare Louisville & N. R. Co. v. Chatters, 279 U. S. 320, 328, 329, 49 S. Ct. 329, 73 L. Ed. 711); and whether, by moving for judgment against itself for an admitted though limited sum, the defendant did not become an actor in the case, recognizing the action as in court, invoking the jurisdiction of the court for a final determination of the merits of the controversy, and thereby entering its appearance. For a general statement of the rule as to entering appearance, see Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., 37 F.(2d) 695 (C. C. A. 4), and compare Merchants' Heat & Lt. Co. v. Clow & Sons, 204 U. S. 286, 290, 27 S. Ct. 285, 51 L. Ed. 488. Since the service is sustained, a decision of these other points becomes unnecessary.

It is also contended that the short form of pleading was improperly used in this case and indicated the *purchase and sale* of castings rather than *work and labor performed* upon them. Defendant argues that, had this not been so, various elements of counterclaim might have been urged to reduce the amount of recovery. Some of the elements of counterclaim suggested did not arise from the transaction in suit, and, as to these, the defendant certainly is not estopped by the judgment. As to the other elements of counterclaim, it is manifest that the defendant was in no way actually misled by the form of pleading. Nor did the defendant, by motion or otherwise, seek to clarify or reform such pleading. It was accepted as sufficient for the presentation of the issues, and, the defendant having elected to proceed thereunder, after its motion to quash was overruled, cannot now be heard to complain that only a part of its defenses to, or in reduction of, recovery, were presented. The contention is without merit, and we of course do not decide whether defendant is foreclosed by the judgment from still litigating all such claims in another action.

For the reasons above stated, the judgment of the District Court is affirmed.