## NORTHERN KENTUCKY TELEPHONE CO. v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. et al.

### No. 3939.

District Court, E. D. Kentucky.

Oct. 14, 1931.

On Motion to Reconsider Nov. 7, 1931.

M. J. Hennessey, of Augusta, Ky. (William J. Donovan, Bethuel M. Webster, Jr., and Breck P. McAllister, all of New York City, of counsel), for plaintiff.

J. W. Heintzman, of Cincinnati, Ohio, for defendant Cincinnati & Suburban Bell Telephone Co.

COCHRAN, District Judge.

This action is before me on the motion of the defendant Cincinnati & Suburban Bell Telephone Company, to dismiss the action as to it, and to quash and set aside the return of

the marshal as to service. It is alleged, and it sufficiently appears, that this defendant transacts business in this district. This being so, this court has jurisdiction of the action as to this defendant, and it can be brought before the court by the service of process in Ohio. According to the return of the marshal, service thereof was had on the president of the defendant, but it is claimed that this is incorrect and that service was actually had on R. C. Hall, its secretary and treasurer. The motion to quash is sustained on this ground, and alias process can issue to be served on the president. The motion, to dismiss is overruled.

## On Motion to Reconsider.

This action is before me on motion of Cincinnati & Suburban Telephone Company to reconsider order overruling its motion to dismiss the petition as to it for want of jurisdiction. I should have dealt with this matter more fully in my former opinion. The defendant submits the following authorities in support of its motion, to wit: Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Bank of America v. Whitney Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; Southwark Foundry v. Franz Foundry (C. C. A.) 48 F.(2d) 714.

These, as well as the authorities cited in its brief on its motion to dismiss, deal with the question as to what is necessary in order to the suability of a corporation in a foreign jurisdiction. It is well settled that it must be doing or carrying on business therein. These authorities have no application whatever to a case of this sort. In those cases, the doing of business in the state must be such as to justify the conclusion that the corporation is present in the state. In a case of this sort, that is not essential. Jurisdiction thereof is conferred by section 22, 15 USCA. In order to have jurisdiction, it is essential that the defendant "be found or transact business" in the district where sued. It is not essential that it be found, that is be present, therein. It is sufficient that it transact business therein. Its transaction of business therein may be short of what is essential to its being found or present therein, and yet jurisdiction exist.

In the case of Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 403, 71 L. Ed. 684, it was said: "And we think it clear * * * that a corporation is engaged in transacting business in a district, within the meaning of this section, in such sense as to establish the venue of a suit—although not present by agents carrying on ' business of such character and in such manner that it is 'found' therein and is amenable to local process— if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character."

The sole question here, therefore, is whether at the time of the bringing of this action the defendant was transacting business of a substantial character in this district. In determining this, the authorities relied on by defendant afford no help. They are confusing. It is hard enough from those authorities to determine what constitutes the doing of business to justify the conclusion that a corporation is present and hence suable in a foreign jurisdiction without attempting to apply them to a case of an entirely different character. Nor need the cases cited by plaintiff, which deal directly with the question as to what constitutes transacting business within the meaning of this statute, be considered. The facts appearing from the affidavits filed settle beyond question that defendant was transacting business of a substantial character in this state and district at the time this action was brought. This seemed to me so clear that I said but little in my former opinion on this question.

The defendant owns the plant of its co-defendant, the Citizens' Company, subject to a 99-year lease in its favor, renewable thereafter forever. The former is the lessor and the latter is the lessee thereof. Under that lease rentals are paid, the lessee furnishes the lessor with copies of such official reports as it is required to and does make, and the former has the right to examine the plant and every part thereof to determine whether conditions of the lease have been complied with. The Citizens' Company is a subsidiary of the defendant, and it is not unlikely that the latter owns all the capital stock thereof. The officials of the two concerns, nine in number, are the same. Whilst acting for the Citizens', it cannot be said that they are not acting at the same time for the defendant. They are so identified that it is not impossible that the one may be the agent of the other. In an affidavit on behalf of defendant, it is stated that the rentals are determined by it at its principal place of business in Cincinnati, and charged to the Citizens' and paid by it in Cincinnati. But the receipts of the Citizens' are gathered together in Covington, and to pay the rentals in Cincinnati they must be

in some way transferred from Covington to Cincinnati. Who takes them, and the reports referred to, from the one place to the other? If it is said that the officials of the Citizens' do this, but, as they are at the same time the officials of the defendant, their action is chargeable as much to it as to the Citizens'. Then the inspection of the Citizens' plant to determine whether the conditions of the lease have been complied with takes place in this district. The officials of the defendant are constantly making this inspection through its officials in their work in operating and managing the plant for the Citizens'.

It is stated in affidavit on behalf of plaintiff that the connection between the defendant's lines and those of the Citizens' are in this state. I cannot make out that this is denied by defendant's affidavits. If so it operates a portion of its line in this state. The defendant's trucks deliver material, such as motor equipment and paraphernalia, to the Citizens' in this district. This it is doing continually. The defendant operates a truck in this district under a Kentucky license which it has obtained. It has a pay station in Newport and possibly also in Covington.

According to the Telephone Directory of Telephone Industry, published in Chicago, it operates eight exchanges in this district. The defendant says that it has no connection with such publication and is not responsible for it; but it allows it to be made.

Possibly there are other instances of defendant transacting business in this district set forth in the record, but these are sufficient to establish that it transacts business of a substantial character therein, and is suable here.

The motion to reconsider is overruled.